**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 4 2005**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

SHAWN PAUL LOYD,

     Plaintiff-Appellant,

v.

PATRICK SNEDEKER, Warden, Lea
County Correctional Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

     Defendants-Appellees.

No. 04-2140
(D.C. No. CIV-03-1158-WPJ/DJS)
(New Mexico)

# ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Shawn Paul Loyd, proceeding *pro se*, appeals the district court's denial of

his 28 U.S.C. § 2254 habeas corpus petition and seeks a certificate of

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

appealability (COA) from this court pursuant to 28 U.S.C. § 2253(c). Because Mr. Loyd failed, in accordance with 28 U.S.C. § 636(b)(1), to file objections to the magistrate judge's findings and recommendation to the district court, he waived his right to appeal the district court's order and judgment. We therefore deny his request for COA.

Mr. Loyd was convicted by a jury in New Mexico state court of first degree murder and bribery of a witness. He was sentenced to a term of life imprisonment plus eighteen months, to be served consecutively with a sentence he was serving at the time of conviction. After unsuccessfully challenging his conviction and sentence in state court, Mr. Loyd sought habeas relief in federal court.

In his habeas action, Mr. Loyd alleged (1) he was denied due process as a result of the trial court's erroneous admission of a hearsay statement, and the court's limitation of his cross-examination of a witness; and (2) insufficient evidence was presented at trial to support either his conviction for first degree murder or his conviction for bribery of a witness. The district court referred the case to a magistrate judge who issued a proposed finding and recommendation that Mr. Loyd's petition be denied. The magistrate's report specifically stated that pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days upon receiving the report to file written objections with the district court, and failure to do so would bar their ability to seek appellate review of the court's findings and

recommendations. Neither party filed objections. The district court adopted the magistrate judge's report, and subsequently denied Mr. Loyd's request for COA. We issued a show cause order directing Mr. Loyd to address whether his failure to file written objections to the magistrate judge's report constituted a waiver of appellate review.

Our court follows a "firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). We do make exceptions to this rule "where the interests of justice so require," *Fottler*, 73 F.3d at 1065, or "when the magistrate's order does not clearly apprise the pro se litigant of the consequences of a failure to object." *Talley*, 91 F.3d at 1413. This case falls easily within the ambit of the firm waiver rule.

In his submissions to us, and contrary to our show cause order, Mr. Loyd provides absolutely no discussion regarding his failure to object to the magistrate judge's proposed findings and recommendations. Moreover, nothing in the record on appeal persuades us that either exception to the firm waiver rule is applicable here. First, in compliance with *Talley*, the magistrate's recommendation clearly indicated to the *pro se* Mr. Loyd that he was required to file objections within ten days of receiving the proposed order, and that failure to do so would bar his

ability to seek appellate review.  Rec., doc. 13 at 1 n.1.  Second, neither Mr. Loyd's arguments on appeal, nor any material in the record, convinces us that application of the firm waiver rule in this case would be contrary to the interests of justice.

Accordingly, COA is **DENIED** and the appeal **DISMISSED**.


ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge