**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 12, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FILIBERTO ARROYO-GONZALES,

Defendant-Appellant.

No. 07-2221
(D.C. Nos. CIV-05-630 JP/KBM &
CR-03-2570 JP)
(D. N.M.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BALDOCK**, **BRORBY**, and **EBEL**, Circuit Judges.[**]

---

Filiberto Arroyo-Gonzales, a federal prisoner appearing pro se, seeks a certificate of appealability (COA) that would allow him to appeal the district court's dismissal of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Applying this court's firm waiver rule, we deny Mr. Arroyo-Gonzales's request for a COA and dismiss his appeal.

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## BACKGROUND

Mr. Arroyo-Gonzales filed the instant § 2255 motion seeking relief from an 87-month sentence that was imposed after he pleaded guilty to conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. The magistrate judge to whom the § 2255 motion was referred recommended the motion "be dismissed as time-barred and, alternatively, as without merit." R., Vol. I, Doc. 18 at 6. Mr. Arroyo-Gonzales did not file an objection to the magistrate judge's recommendation. The district court adopted the recommendation and dismissed the case with prejudice.

Thereafter, the district court denied Mr. Arroyo-Gonzales's request for a COA.[1] Once the appeal was docketed, this court sought and received briefing on whether Mr. Arroyo-Gonzales had waived appellate review by failing to object to the magistrate judge's recommendation.

## ANALYSIS

"This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez*

---

[1]     The district court's final order on Mr. Arroyo-Gonzales's § 2255 motion is subject to review on appeal only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). To obtain a COA, a prisoner must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000) (elaborating on "substantial showing" standard).

*v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). There are two exceptions to the firm waiver rule but neither applies in this case.

The first exception applies when "a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object." *Morales-Fernandez*, 418 F.3d at 1119. Here, the magistrate judge unambiguously advised Mr. Arroyo-Gonzales of these conditions. R., Vol. I, Doc. 18 at 6-7. Thus, the first exception is inapplicable.

The second exception applies when "the interests of justice require review." *Morales-Fernandez*, 418 F.3d at 1119 (quotation omitted); *see also Moore*, 950 F.2d at 659 (explaining that because the "firm waiver rule" is procedural rather than jurisdictional, we may decline to apply it in cases where "the interests of justice so dictate"). "Although interests of justice is a rather elusive concept, we have considered factors such as a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (citation and quotation omitted). When considering

> whether the importance of the issues raised might trigger the interests
> of justice exception, we have said that, in many respects, the interests
> of justice analysis we have developed, which expressly includes
> review of a litigant's unobjected-to substantive claims on the merits,
> is similar to reviewing for plain error.

*Id.* (alternation and quotation omitted). To show plain error, Mr. Arroyo-Gonzales "would have to show (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted).

As noted, this court ordered both parties to file memoranda addressing whether Mr. Arroyo-Gonzales had waived appellate review by failing to object to the magistrate judge's recommendation. In response, Mr. Arroyo-Gonzales does not claim that he was unaware of either the time period for objecting or the consequences of failing to object. Nor does he assert that he sought an extension of the time period. Rather, he submits that he has had to rely on the assistance of other inmates because he is not fluent in English, that he does not have any knowledge of the legal system, and that a 10-day time period is not long enough because the prison law library has only six working typewriters. He claims he should therefore not be blamed for failing to file a written objection. While we appreciate the difficulties of proceeding pro se, we are unpersuaded by Mr. Arroyo-Gonzales's explanation. *See generally United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006) ("[T]here is no right to counsel in collateral proceedings[.]"); *Twyman v. Crisp*, 584 F.2d 352, 358 (10th Cir. 1978) (A pro se prisoner's case is "not prejudiced by the filing of [a] handwritten brief[]" and "[a]ccess to the courts does not include a federally protected right to use a typewriter[.]"). *Cf. Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)

("[I]gnorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing." (quotation omitted)).  Further, having carefully reviewed Mr. Arroyo-Gonzales's filings and the record, we conclude that he has not identified, nor can we discern a basis to apply the "interests of justice" exception.  That is, the district court did not commit plain error in adopting the magistrate judge's recommendation that Mr. Arroyo-Gonzales's § 2255 motion "be dismissed . . . as without merit."  R., Vol. I, Doc. 18 at 6; *id.* at 4-6.[2]

## CONCLUSION

Mr. Arroyo-Gonzales's request for a COA is DENIED and his appeal is DISMISSED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[2]  On appeal, Mr. Arroyo-Gonzales does not take issue with the district court's adoption of the magistrate judge's recommendation that his § 2255 motion be dismissed as untimely.  Aplt. Br. at 1-10.