**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MATTHEW F. THYBERG,

    Defendant - Appellant.

No. 17-2120
(D.C. Nos. 2:16-CV-00613-RB-WPL and
2:08-CR-02897-RB-1)
(D.N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Matthew Thyberg seeks a certificate of appealability (COA) to appeal the

district court's denial of his 28 U.S.C. § 2255 motion. We deny his request for a

COA and dismiss this matter.

**I**

A jury convicted Thyberg of being a felon in possession of a firearm, and the

district court sentenced him to 260 months in prison. The district court based this

sentence in part on its determination that Thyberg had three prior convictions that

qualify as violent felonies under the Armed Career Criminal Act of 1984 (ACCA), 18

---

[*] This order and judgment isn't binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. But it may be cited for its
persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

U.S.C. § 924(e): two New Mexico convictions for aggravated assault and one New Mexico conviction for residential burglary.

In June 2016, Thyberg filed a counseled § 2255 motion, arguing that under *Johnson v. United States*, 135 S. Ct. 2551 (2015), his two aggravated-assault convictions don't qualify as violent felonies. Two days later, Thyberg filed a pro se motion in which he argued that none of his three prior convictions are violent felonies. The district court docketed Thyberg's pro se motion as an amended § 2255 motion.

The district court then stayed Thyberg's § 2255 action while we decided *United States v. Maldonado-Palma*, 839 F.3d 1244 (10th Cir. 2016), *cert. denied* 137 S. Ct. 1214 (2017). And our decision in that case—that New Mexico aggravated assault remains a crime of violence after *Johnson*—foreclosed Thyberg's argument to the contrary.[1] *See id.* at 1250. As a result, Thyberg's counsel asked the district court for permission to amend the counseled § 2255 motion to challenge the classification of Thyberg's New Mexico burglary conviction.

The magistrate judge recommended denying Thyberg relief. First, he disregarded Thyberg's pro se § 2255 motion because of a local procedural rule that

---

[1] Although *Maldonado-Palma* decided that New Mexico aggravated assault constitutes a crime of violence under the Guidelines, not under the ACCA, *see* 839 F.3d at 1246 (citing U.S.S.G. § 2L1.2(b)(1)(A)(ii)), the Guidelines and the ACCA use very similar language to describe what constitutes a violent crime, *see United States v. Ramon Silva*, 608 F.3d 663, 671 (10th Cir. 2010). As such, we regularly rely on precedent interpreting one of these provisions as guidance in interpreting the other. *Id.*

prohibits a party represented by counsel from filing his or her own motions with the court. Next, the magistrate judge recommended denying the motion to amend the counseled § 2255 motion because "Thyberg filed an untimely motion to amend asserting a 'completely new' claim that was unrelated 'in both time and type' to his prior, timely filed claims." R. 65 (quoting *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000)). As a result of these procedural rulings, the magistrate judge didn't consider the merits of Thyberg's challenge to the classification of his residential-burglary conviction. And as for Thyberg's challenge to the classification of his aggravated-assault convictions, the magistrate judge recommended denying that claim based on *Maldonado-Palma*.

Thyberg didn't object to the magistrate judge's proposed findings and recommended disposition. The district court then adopted the magistrate judge's report, denied Thyberg's § 2255 motion, and declined to issue a COA.

Thyberg filed a notice of appeal on July 12, 2017. We then issued a show-cause order based on our firm-waiver rule, directing him to address whether his failure to object to the magistrate judge's report waived his right to appellate review. *See Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) ("[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions."). Thyberg responded, and we referred the waiver issue to the merits panel.

3

## II

Thyberg now seeks to appeal the district court's denial of his § 2255 motion, but he must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B). Thus, this case arguably presents two threshold issues: (1) whether Thyberg is entitled to a COA, and (2) whether our firm-waiver rule applies.

In answering the first question, we typically apply one of two approaches. First, when a district court rejects a claim in a § 2255 motion on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Second, when a district court instead denies a claim in a § 2255 motion on procedural grounds, the COA standard has an additional component: the petitioner must show both (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.*

But it appears that we have sometimes treated the firm-waiver rule as an independent basis for denying a COA. That is, rather than applying our traditional COA analysis, we have sometimes denied a COA based on a finding that the firm-waiver rule applies—without ever asking whether a litigant can satisfy either of the tests set forth in *Slack*. *See, e.g.*, *Loyd v. Snedeker*, 119 F. App'x 257, 259 (10th Cir.

4

2005) (unpublished) (denying COA on firm-waiver grounds without performing typical COA analysis).

On the other hand, we have also suggested that rather than constituting an independent basis for denying a COA, the firm-waiver rule operates within the confines of the traditional *Slack* analysis. *See, e.g.*, *Hicks v. Franklin*, 546 F.3d 1279, 1283 n.3 (10th Cir. 2008) (implying that satisfying COA standard, along with "difficulty of the issues" and "underlying procedural facts preceding the untimely objection," satisfied exception to firm-waiver rule); *Diestel v. Hines*, 506 F.3d 1249, 1279 n.3 (10th Cir. 2007) (Henry, J., concurring) (noting that there was "little doubt" that meeting COA standard, plus facts showing shift in relevant law, satisfied exception to firm-waiver rule).

Ultimately, we need not decide here whether the firm-waiver rule generally operates as an independent basis for denying a COA. Nor must we decide whether, if so, the firm-waiver rule applies to the specific facts of this case. That's because even if (1) we assume that the firm-waiver rule isn't an independent basis for denying a COA or (2) we assume that it is but also assume that it doesn't apply here, we would nevertheless deny Thyberg a COA under the traditional COA framework.[2]

---

[2] We can make these assumptions because whatever else the firm-waiver rule may be, it appears that it isn't jurisdictional. *See Hicks*, 546 F.3d at 1283 n.3 ("[A] failure to timely object to a magistrate[ judge]'s report is not jurisdictional."); *cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (concluding that courts may not assume jurisdiction exists in order to reach merits).

5

## III

The district court dismissed one of Thyberg's claims on the merits and the other on procedural grounds, so as discussed above, our review of whether he's entitled to a COA is slightly different for each claim.

First, the district court dismissed on the merits Thyberg's claim that his New Mexico aggravated-assault convictions aren't violent felonies after *Johnson*. Thus, Thyberg is only entitled to a COA if he can show reasonable jurists would find that result debatable. *See Slack*, 529 U.S. at 484. But Thyberg expressly concedes that he can't make this showing: citing *Maldonado-Palma*, he states that we "must deny [his] request for a COA." Aplt. Br. 13. In light of this concession, we won't grant a COA on this claim.

That leaves Thyberg's claim that his residential-burglary conviction isn't a violent felony after *Johnson*. The district court refused to consider this claim on two procedural grounds. First, citing a local rule, the court declined to consider Thyberg's pro se § 2255 motion. Second, citing *Espinoza-Saenz*, 235 F.3d at 503, it denied his motion to amend his counseled § 2255 motion to add the residential-burglary claim.

Thyberg argues that reasonable jurists would find these procedural rulings debatable. But even if we assume that's the case, Thyberg admits that he can't satisfy the second part of the COA analysis and show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484. Specifically, Thyberg cites *United States v. Turrieta*,

6

875 F.3d 1340, 1346–47 (10th Cir. 2017)—in which we held that New Mexico residential burglary remains a violent felony under the ACCA after *Johnson*—and concedes that based on that decision, we "must deny [his] request for a COA." Aplt. Br. 13. So again, in light of this concession, we won't grant a COA on this claim.

*     *     *

We deny Thyberg's COA request and dismiss this matter.

Entered for the Court


Nancy L. Moritz
Circuit Judge