FILED
United States Court of Appeals
Tenth Circuit

August 14, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TRAVIS HODSON,

    Petitioner - Appellant,

v.

STEVE REAMS,

    Respondent - Appellee.

No. 20-1153
(D.C. No. 1:20-CV-00115-LTB-GPG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Travis Hodson, a Colorado state pretrial detainee appearing pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's dismissal of his

application for a writ of habeas corpus under 28 U.S.C. § 2241. *See* 28 U.S.C.

§ 2253(c)(1)(A) (requiring a COA to appeal "the final order in a habeas corpus

---

*  This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Hodson is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

proceeding in which the detention complained of arises out of process issued by a [s]tate court").  He also requests to proceed *in forma pauperis* ("*ifp*").  Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I.  **BACKGROUND**

### A. *Factual and Procedural Background*

Mr. Hodson was arrested in June 2019.  His attorney moved for a competency evaluation.  The state court made a preliminary finding of incompetency and ordered the Colorado Department of Human Services to evaluate him.  It found Mr. Hodson incompetent to proceed and committed him for "in-patient restoration to competency" in January 2020.  ROA at 47.

Mr. Hodson filed a § 2241 petition challenging the constitutionality of the Colorado competency statute.  *See* Colo. Rev. Ann. Stat. § 16-8.5-102.  He argued the statute violated his Fourteenth Amendment due process rights and that his counsel's ineffective assistance violated his Sixth Amendment rights.  He requested an evidentiary hearing on his competency status.

A magistrate judge recommended dismissal of Mr. Hodson's § 2241 petition based on *Younger* abstention.[2]  The recommendation noted that Mr. Hodson had 14 days to file

---

[2] Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings under *Younger v. Harris*, 401 U.S. 37 (1971).  *Younger* abstention applies when "(1) there is an ongoing criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests."  *Weitzel v. Div. of Occupational & Prof'l*

any specific written objections to the district court. It added that his failure to do so might bar him from "appealing the factual findings and legal conclusions of the [m]agistrate [j]udge that are accepted and adopted by the [d]istrict [c]ourt." ROA at 64 n.2. Mr. Hodson did not file any objection.

The district court adopted the magistrate's recommendation and dismissed Mr. Hodson's § 2241 petition without prejudice under *Younger*. It also denied a COA and Mr. Hodson's request to proceed *ifp* on appeal. Mr. Hodson appealed.[3]

This court ordered Mr. Hodson to show that he did not waive his appeal under the firm waiver rule. In response, he appears to argue plain error, and he asks that we reconsider his claims in the interests of justice.

## B. *Legal Background*

### 1. **Firm Waiver Rule**

"Under this court's firm waiver rule, the failure to timely object to a magistrate judge's finding and recommendations waives appellate review of both

---

*Licensing of Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001) (quotations omitted). If the three requirements are met, and no exceptions apply, a federal court must abstain from hearing the case. *See id.* (noting *Younger* abstention is a "non-discretionary" issue).

[3] Mr. Hodson also filed a motion to alter or amend the judgment. The district court denied the motion because "[n]othing [he] assert[ed] . . . demonstrates that the Court misapprehended the facts, his position, or the controlling law . . . ." ROA at 83. It also noted Mr. Hodson failed to timely object to the magistrate judge's recommendation. Mr. Hodson did not file an amended notice of appeal or new notice of appeal seeking review of this order. We therefore do not consider this ruling. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

factual and legal questions." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (quotations omitted). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue . . . for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies . . . that led us to adopt a waiver rule in the first instance." *Id.*

We have delineated two exceptions to the rule: (1) when "a pro se litigant has not been informed of the time period for objecting and the consequences for failing to object," and (2) when "the interests of justice require review." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (emphasis and quotations omitted). Factors relevant to the second exception include "a pro se litigant's effort to comply [with the objection requirement], the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005) (emphasis omitted).

"At a minimum, then, our 'interest of justice' standard . . . includes plain error." *Id.* at 1122. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1122-23 (quotations omitted).

4

## 2. **COA**

A state prisoner must obtain a COA to appeal denial of § 2241 relief. *See* 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). To receive a COA, the petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

## II. **ANALYSIS**

Mr. Hodson has waived any right to appeal under the firm waiver rule. He did not object to the magistrate judge's recommendation to dismiss based on *Younger* abstention. The first exception to the firm waiver rule is inapplicable here because the magistrate judge informed Mr. Hodson he had 14 days to timely file specific objections to his recommendation. *See* ROA at 64 n.2. The magistrate judge noted that failure to do so would waive appellate review. *See id.*

5

The second exception does not apply either. Mr. Hodson appears to argue plain error, and asks that we reconsider his claims in the interests of justice. But the factors considered for the interests of justice exception weigh against Mr. Hodson. First, he made no effort to challenge or object to any of the magistrate judge's recommendations. Second, he offers no explanation for his failure to comply with the requirement to object. Third, after reviewing the record, we see no basis for suspending the firm waiver rule for plain error. Fourth, although Mr. Hodson's issues may be important, the three other factors weigh against reconsidering his claims.

Even reading Mr. Hodson's arguments liberally, we do not think the district court committed plain error. He argues Colorado's competency statute violated his Sixth and Fourteenth Amendment rights. But the magistrate judge concluded the district court "should abstain from exercising jurisdiction over the [§ 2241] [a]pplication" based on the *Younger* abstention doctrine. *Id.* at 69. He explained that Mr. Hodson "is subject to a criminal proceeding and he fails to allege facts that indicate he will suffer great and immediate irreparable injury if the Court does not intervene in the ongoing state court criminal proceedings." *Id.* at 69-70. On appeal, Mr. Hodson does not challenge this conclusion, *see* Aplt. Br. at 1-16, and nothing in our review indicates that the magistrate or district court committed error in abstaining.

The firm waiver rule bars our appellate review of the claims and precludes the grant of a COA. *See, e.g.*, *Fierro v. Smith*, 741 F. App'x 558, 561 (10th Cir. 2018) (unpublished); *United States v. Arroyo-Gonzales*, 316 F. App'x 761, 763-64 (10th Cir. 2009) (unpublished); *Loyd v. Snedeker*, 119 F. App'x 257, 259 (10th Cir. 2005) (unpublished).[4]

## III.  CONCLUSION

We deny Mr. Hodson's requests for a COA and to proceed *ifp* and dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[4] Although not precedential, we find the reasoning of unpublished orders cited in this order instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.