FILED
United States Court of Appeals
Tenth Circuit

February 13, 2026

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSEPH VIGIL,

    Petitioner - Appellant,

v.

RONALD MARTINEZ, Warden, SNMCF;
HECTOR BALDERAS, New Mexico
Attorney General,

    Respondents - Appellees.

No. 25-2131
(D.C. No. 2:22-CV-00026-MV-KK)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **MATHESON**, and **ROSSMAN**, Circuit Judges.
_____

Joseph Vigil, a New Mexico state prisoner appearing pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's dismissal of his

application for a writ of habeas corpus under 28 U.S.C. § 2254.  *See* 28 U.S.C.

§ 2253(c)(1)(A) (requiring a COA to appeal "the final order in a habeas corpus

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Vigil appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).  Also, he is subject to the same procedural rules governing other litigants. *See United States v. Green*, 886 F.3d 1300, 1307-08 (10th Cir. 2018).

proceeding in which the detention complained of arises out of process issued by a [s]tate court"). He also requests to proceed *in forma pauperis* ("*ifp*"). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny both requests and dismiss this matter.

## I. BACKGROUND

### A. *Procedural History*

Mr. Vigil filed a § 2254 application to challenge his convictions for armed robbery and attempted armed robbery. A magistrate judge found the application was untimely under 28 U.S.C. § 2244(d)(1), recommended that it be dismissed, and included the following notice:

> THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE **of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).** A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

ROA at 666. Mr. Vigil did not file objections. The district court agreed with the recommendation, noting that because Mr. Vigil had not objected, he waived his "right to review of the proposed disposition." *Id.* at 667. It entered judgment dismissing the action with prejudice and denied a COA. *Id.* at 669.

This court ordered Mr. Vigil to show cause "why this appeal should not be dismissed because he did not follow the required procedure to preserve his right to appellate review." Dkt. No. 4. In response, Mr. Vigil said he read the above notice

2

as "optional." Dkt. No. 7. The Clerk's Office referred this matter to this panel. Dkt. No. 8.

### B. *Legal Background*

### 1. **Firm Waiver Rule**

"Under this court's firm waiver rule, the failure to timely object to a magistrate judge's finding and recommendations waives appellate review of both factual and legal questions." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (quotations omitted). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue . . . for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies . . . that led us to adopt a waiver rule in the first instance." *Id.*

We have delineated two exceptions to the rule: (1) when "a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object," and (2) when "the interests of justice require review." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (emphasis and quotations omitted). Factors relevant to the second exception include "a pro se litigant's effort to comply [with the objection requirement], the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005) (emphasis omitted).

2. **COA**

A state prisoner must obtain a COA to appeal denial of § 2241 relief. *See* 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). To receive a COA, the petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

## II. DISCUSSION

Mr. Vigil has waived any right to appeal under the firm waiver rule. He did not object to the magistrate judge's recommendation to dismiss based on untimely filing of his § 2254 application.

The first exception to the firm waiver rule is inapplicable because the magistrate judge informed Mr. Vigil he had 14 days to timely file specific objections to her recommendation. *See* ROA at 666. The notice said that failure to do so would waive appellate review. *See id.* Based on the wording in the notice that he "may file written

objections," ROA at 666, Mr. Vigil says he "believed . . . filing an objection to the Magistrate's Report was optional," Dkt. No. 7.  But the next sentence in the notice said he "**must file any objections** . . . **if [he] wants to have appellate review of the proposed findings and recommended disposition.**"  ROA at 666.  It then warned, "**If no objections are filed, no appellate review will be allowed.**"  *Id.*  As we have held before, this language precludes reliance on the first exception.  *See, e.g., Delacruz-Bancroft v. Field Nation, LLC*, No. 24-2169, 2025 WL 2080831, at *2 (10th Cir. July 24, 2025) (unpublished); *Castillo-Rosales v. Roark*, No. 21-1378, 2022 WL 1162716, at *2 (10th Cir. Apr. 20, 2022) (unpublished); *Hodson v. Reams*, 823 F. App'x 659, 661 (10th Cir. 2020).[2]

The second exception also does not apply.  Mr. Vigil has not argued otherwise to this court.  He has not shown that he made any effort to challenge or object to the magistrate judge's analysis or recommendation; offered, beyond his argument on the first exception, an explanation for his failure to comply with the requirement to object; or provided a discussion on the importance of reaching the district court's ruling on timeliness.

The firm waiver rule thus bars our appellate review.  *See, e.g., Fierro v. Smith*, 741 F. App'x 558, 561 (10th Cir. 2018) (unpublished); *United States v.*

---

[2] Unpublished cases are not binding precedent, but we may consider them for their persuasive value.  *See* Fed. R. App. 32.1(a); 10th Cir. R. 32.1(A).

5

*Arroyo-Gonzales*, 316 F. App'x 761, 763-64 (10th Cir. 2009) (unpublished); *Loyd v. Snedeker*, 119 F. App'x 257, 259 (10th Cir. 2005) (unpublished).

As an alternative ground for waiver, Mr. Vigil limits his appellate brief to the merits issues he wished to present to the district court, but he fails to address why the district court dismissed his § 2254 application—that it was time-barred. As a general rule, a party's failure to address an issue in the opening brief results in that issue being deemed waived, and we will decline to reach the merits of waived issues. *See Wyo. v. Livingston*, 443 F.3d 1211, 1216 (10th Cir. 2006) ("Wyoming did not address this issue in its opening appellate brief. The issue is therefore waived."); *accord LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 n.10 (10th Cir. 2004). This rule applies equally to pro se litigants. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012).

## III. CONCLUSION

We deny Mr. Vigil's requests for a COA and to proceed *ifp*, and we dismiss this matter.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

6