**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 4, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

R. WAYNE KLEIN, the court appointed
receiver of U.S. Ventures LC, Winsome
Investment Trust, and the assets of
Robert J. Andres and Robert L.
Holloway,

      Plaintiff - Appellee,

v.

TERRY L. HARPER,

      Defendant - Appellant,

and

WINGS OVER THE WORLD
MINISTRIES,

      Defendant.

No. 14-4068
(D.C. No. 2:12-CV-00023-DN)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant Terry L. Harper appeals the district court's entry of default judgment as a sanction for his repeated failure to comply with court orders in an action filed by Plaintiff R. Wayne Klein, a court-appointed receiver (the "Receiver") who sought to recover fraudulent transfers made to Mr. Harper. We exercise jurisdiction under 28 U.S.C. § 1291, conclude the district court did not abuse its discretion, and affirm.

## BACKGROUND

The Receiver was appointed by a federal district court to recover assets on behalf of defrauded investors. In that capacity, the Receiver filed a complaint against Mr. Harper and Wings Over the World Ministries (Wings), a corporation closely-held by Mr. Harper, seeking to recover assets fraudulently transferred to them.[1] Mr. Harper, proceeding pro se and declaring himself a "living, breathing, natural born, free man on the soil, Sovereign American Citizen[ ]," Aplt. App., Vol. I, at 38, filed a joint answer and motion to dismiss raising numerous challenges to the court's jurisdiction, the Receiver's standing, and the absence of evidentiary proof in the Receiver's complaint. The district court denied the motion, ruling it had original subject matter jurisdiction, the Receiver had standing to recover fraudulent transfers, and the complaint was sufficiently pled. Mr. Harper reasserted his challenges to the

---

[1] The district court ultimately entered default judgment against Wings, which never answered the complaint. The district court denied Mr. Harper's attempts to represent Wings, because only a licensed attorney can represent another party in federal court. Wings did not appeal.

court's jurisdiction and the Receiver's standing, filing a motion to strike the complaint, stating he had no evidence the Receiver, whom he referred to as the "Libellee[ ]" had standing "to bring allegations" or cause any "investigation, harassment, meddling" or other action against him. *Id*. at 186. The district court denied this motion, ruling that the issues of jurisdiction and standing had been resolved and would not be reconsidered. Mr. Harper filed an interlocutory appeal, which we dismissed for lack of jurisdiction.

The magistrate judge to whom the case was referred under 28 U.S.C. § 636(b)(1), scheduled a pre-trial conference. Mr. Harper failed to appear; then filed a motion declaring his "non-presence" at the hearing because he had "no record or evidence that [he was] required to fall prey to masters of 'Legal-eze' in any manner." Aplt. App., Vol. I, at 310. Over the next few weeks, Mr. Harper filed ten voluminous and rambling submissions in which he continued to challenge the court's jurisdiction and the Receiver's standing. The district court struck eleven of Mr. Harper's filings because they did not comply with the local rules of civil procedure in format, substance, and procedure and were almost impossible to decipher. The court ordered Mr. Harper to pay the Receiver's attorneys' fees and warned Mr. Harper that he was subject to sanctions if he continued filing frivolous submissions. But Mr. Harper did not pay the ordered fees and his frivolous filings continued unabated; he filed more motions reasserting the jurisdiction and standing issues the court had already ruled upon.

Furthermore, Mr. Harper completely failed to respond to the Receiver's discovery requests. He ignored the August 2013 Request for Admissions and letters and emails from the Receiver explaining his response was past due. The district court granted the Receiver's motion to compel Mr. Harper's compliance with discovery and ordered him to provide discovery responses by January 14, 2014. It also struck another five of Mr. Harper's submissions as frivolous and non-compliant with the court's rules. It warned Mr. Harper that it would not accept frivolous filings that failed to comply with local and federal rules and that reasserted issues already addressed by the court. It ordered Mr. Harper to pay the Receiver's attorneys' fees related to his abusive litigation conduct, and warned Mr. Harper it would consider more serious sanctions if he continued to file improper or frivolous submissions, including the entry of default judgment against him.

Mr. Harper did not provide discovery responses by the January deadline. Further, despite the court's warning, he filed another motion challenging the Receiver's standing which was nearly incoherent. And despite his refusal to comply with any discovery requests or the court's discovery order, Mr. Harper moved for summary judgment.

The Receiver then moved for entry of default under Fed R. Civ. P. 37(b)(2)(A) as a sanction for Mr. Harper's repeated failure to comply with discovery requests and orders, as well as his repeated frivolous filings and failure to pay any of the court-ordered fees owed to the Receiver. The magistrate judge granted the Receiver

an extension of time to respond to the summary judgment motion and issued a Report and Recommendation (R&R) in March 2014, to grant the motion for entry of default against Mr. Harper as a sanction. Mr. Harper did not file any objections to this R&R.

The district court adopted the R&R, granting the motion for entry of default. The clerk of court filed a default certificate and in May 2014, the Receiver moved for entry of default judgment. *See* Fed. R. Civ. P. 55(b)(2) (following entry of default, "the party must apply to the court for a default judgment"). Mr. Harper filed a Notice of Unverified Claims, arguing any default judgment was void and that the Receiver lacked standing to assert the claims in his complaint; a Notice of Trespass, arguing the Receiver's complaint trespassed on his property; and a Notice of Signature, asserting that all the documents filed with the court which lacked a wet-ink signature were void. The district court entered default judgment, and Mr. Harper appeals.

## DISCUSSION

Mr. Harper argues the district court erred in granting summary judgment because it failed to address the central issues as to whether the Receiver complied with his receivership appointment and all applicable statutes and the Constitution, and whether there were any voidable transfers. He also asserts the default judgment was void because it was entered before the Receiver responded to his motion for summary judgment.

I.  Firm Waiver Rule

The Receiver contends Mr. Harper waived any appellate arguments when he failed to object to the March 2014 R&R recommending entry of default.  Under this court's firm waiver rule, the failure to timely object to a magistrate judge's finding and recommendations "waives appellate review of both factual and legal questions." *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (internal quotation marks omitted).  Mr. Harper contends that he did not receive any notice, by mail or email, of the magistrate judge's R&R.  His address changed about the time the R&R was issued, and he failed to notify the court of his address change.  But he asserts that the district court and the Receiver's counsel had previously sent all filings to him by email, yet neither sent him the R&R by email.  He states he first learned about the R&R when Receiver's counsel sent him, by email, the motion for entry of default judgment on May 19, 2014, after which he immediately filed numerous objections and notified the court of his address change.  His motion for summary judgment was pending during this same time period, and Mr. Harper submitted affidavits from friends who recalled Mr. Harper saying he was surprised that he had not heard anything from the court about his pending motions.

We may grant relief from the firm waiver rule in the interests of justice, considering such factors as a pro se litigant's effort to comply, the force and plausibility of his explanation for not complying and the importance of the issues raised.  *Id.*  The record shows that Mr. Harper was always very responsive to all other

filings, indeed overly so, and the only time period in which Mr. Harper was not regularly submitting filings to the court was after the R&R was issued in March 2014 until the May 19 entry of default, to which he promptly filed eight objections. *See id.* at 1123-24 (considering pro se party's attentive responses to other filings to apply exception to firm waiver rule). Considering Mr. Harper's pro se status, his attentiveness to all other filings, and the importance of dismissing a case on default judgment, we conclude that the interests of justice support an exception in this case to the firm waiver rule.

## II.  Merits

Under Rule 37(b)(2), "a district court may issue sanctions, including default judgment against the disobedient party when a party disobeys a discovery order." *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013) (internal quotation marks omitted). Moreover, courts have broad inherent power to sanction misconduct and abuse of the judicial process, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991), which "includes the power to enter a default judgment," *Shepherd v. American Broadcasting Companies, Inc.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995) (citing cases). Default judgment is "a harsh sanction that should be used only" if the failure to comply with court orders is the result of "willfulness, bad faith, or any fault of the disobedient party" rather than inability to comply. *Klein-Becker*, 711 F.3d at 1159 (brackets and internal quotation marks omitted). We review the district court's decision to enter default judgment as a sanction for abuse of discretion. *Id.*

- 7 -

The district court found that Mr. Harper's failure to comply with court orders or to participate in any discovery had materially impeded the litigation and the Receiver had to use valuable time and money responding to Mr. Harper's many frivolous filings. It found Mr. Harper had repeatedly and willfully refused to follow court orders and had deliberately ignored court orders while simultaneously filing frivolous motions. It listed the many times the magistrate judge and court had warned Mr. Harper that his continued submission of frivolous motions and his failure to comply with court orders could result in sanctions, including entry of default judgment. *Id*. (listing factors to be considered to determine if sanction of default or dismissal is warranted, identified in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

We have reviewed the record and find no abuse of the district court's discretion. Mr. Harper failed to attend the scheduled pretrial conference, repeatedly refused to comply with discovery requests, including the court's order compelling him to file his discovery responses by January 2014. In addition, Mr. Harper filed dozens of frivolous motions, as well as a frivolous interlocutory appeal. Further, he repeatedly and routinely ignored the district court's orders. There is no merit to his arguments that he needed to continually reassert his jurisdictional and standing arguments in order to preserve these issues for appeal or that the default could not be entered until the court first ruled on his summary judgment motion.

It is clear from Mr. Harper's filings and submissions in the district court that his non-compliance was willful and deliberate and that he had no intention of complying with any discovery or other court orders. The district court repeatedly warned Mr. Harper and attempted lesser sanctions, including payment of the Receiver's attorneys' fees, which Mr. Harper also ignored. The district court did not abuse its discretion in entering default judgment against Mr. Harper for his egregious failure to comply with discovery rules and court orders.

The judgment of the district court is affirmed.

Entered for the Court

Jerome A. Holmes
Circuit Judge