**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 19, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DONALD E. FYMBO,

    Plaintiff - Appellant,

v.

CITY AND COUNTY OF DENVER,
COLORADO; MITCHELL R.
MORRISEY, District Attorney; ALFRED
HARRELL, Denver County Judge; JOHN
M. LIETZ, Detective, Denver Police
Department; THE STATE OF
COLORADO; FRANK MACIAS;
ROBERT KENNEY,

    Defendants - Appellees.

No. 15-1016
(D.C. No. 1:14-CV-00841-PAB-BNB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **PHILLIPS**, Circuit Judges.
_____

    Donald E. Fymbo brought this 42 U.S.C. § 1983 action alleging violation of

his constitutional rights in connection with the impoundment of several vehicles and

his later state misdemeanor conviction for acting as an unlicensed motor vehicle

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dealer, Colo. Rev. Stat. § 12-6-120(2).  He now appeals from two orders of the district court that together disposed of all of his claims.  We affirm.

It is unnecessary to detail the events leading to this lawsuit since we dispose of it because of procedural omissions by Mr. Fymbo.  We begin with the dismissal of all claims against the individual defendants due to Mr. Fymbo's failure to prosecute, effect timely service, and comply with a court order.  After expiration of the time for service on these defendants as directed by the magistrate judge pursuant to Fed. R. Civ. P. 4(m), the magistrate judge ordered Mr. Fymbo to show cause why his claims against them should not be dismissed.  He did not respond, so the magistrate judge issued a recommendation that the complaint be dismissed without prejudice as to these defendants.  Despite proper warning that the failure to file timely, specific objections would waive appellate review of the matter, R. at 101 n.3; *see Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008), Mr. Fymbo did not object to the recommendation,[1] which the district court adopted.  Mr. Fymbo has not advanced any grounds sufficient to warrant excusing our firm waiver rule under the "interests of justice" exception.  *See id.* at 1237-38.  His passing references to *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015), and *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013), are unavailing.  The former, involving a litigant who had shown an "attentiveness to all other filings," *Klein*, 777 F.3d

---

[1] On appeal Mr. Fymbo refers generally to his "Motion in Opposition to the Recommendations of United States Magistrate Judge and Motion for Summary Judgment," R. at 103-08, but this filing dealt with other matters and did not address the dismissal of any of the defendants for failure to prosecute, effect service, or comply with court orders.

at 1147, is factually inapplicable, and the latter, discussing imposition of sanctions and having nothing to do with our firm waiver rule, *see Englert*, 711 F.3d at 1159, is simply not on point. Nor can we say that dismissal of his claims was "plain error" sufficient to excuse his waiver. *See generally Duffield*, 545 F.3d at 1238. His failure to effect timely service under Rule 4(m) according to the magistrate judge's specific order (as well as his failure to respond to the ensuing order to show cause) facially warranted dismissal. Our enforcement of the firm waiver rule conclusively disposes of this aspect of the appeal.

A similar sequence of orders, recommendation, and forgone objections led to the dismissal of Mr. Fymbo's claims against the State of Colorado, Denver Auto Dealer Licensing Board ("SCDALB") on the same grounds. Some additional clarification is needed in this regard, however. Mr. Fymbo did respond to the magistrate judge's order to show cause with respect to SCDALB, contending that service on the Colorado Attorney General, who subsequently "enter[ed] his appearance in a limited capacity solely to monitor the proceedings," R. at 27, "should [be] consider[ed] . . . service . . . perfected on the State of Colorado Auto License Dealer's Board," *id.* at 92. But while service on the Attorney General is a proper means of serving the State, *see* Colo. R. Civ. P. 4(e)(9), it does not suffice for entities associated with the State, *see* Colo. R. Civ. P. 4(e)(10).[2] Mr. Fymbo at times seems

---

[2] Under Fed. R. Civ. P. 4(j)(2), service on a state governmental organization may be done either by serving its chief executive officer or by accomplishing service "in the manner prescribed by that state's law," here Colo. R. Civ. P. 4(e)(10).

to suggest that the State of Colorado is a defendant, but he named SCDALB, not the State, as the defendant in his complaint (and naming the State of Colorado in a § 1983 suit would be frivolous given its Eleventh Amendment immunity, *McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997)).  Mr. Fymbo failed to raise any objections to the magistrate judge's recommendation that the claims against SCDALB be dismissed and hence our firm waiver rule disposes of this aspect of his appeal as well.

The dismissal of Mr. Fymbo's remaining claims, pursuant to the City and County of Denver's motion under Fed. R. Civ. P. 12(b)(6), also implicates our firm waiver rule.  The magistrate judge recommended granting the motion on the basis that Mr. Fymbo had failed to plead an actionable claim for municipal liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  Mr. Fymbo did address this recommendation in his "Motion in Opposition to the Recommendations of United States Magistrate Judge and Motion for Summary Judgement," R. at 103-08, but he filed that motion outside the relevant fourteen-day period specified in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  As a result, the district court reviewed the recommendation solely for "clear error on the face of the record," R. at 123, and, finding none, adopted the recommendation and granted the City and County of Denver's motion to dismiss.  As noted generally above, a party must file timely objections to avoid a waiver under our rule.  *Duffield*, 545 F.3d at 1237.  A district court's review of an untimely objection, even under a de novo standard, does not revive the waived right to appellate review.  *Vega v. Suthers*,

4

195 F.3d 573, 579-80 (10th Cir. 1999). Mr. Fymbo seeks to excuse his untimeliness by stating that "[t]he 74 year old[] Appellant's illness may well have been the cause of any nominal delay in responding." Aplt. Reply Br. at 5. This vague, conclusory, and indeterminate statement does not remotely satisfy our interests-of-justice exception. Nor has Mr. Fymbo demonstrated plain error in the dismissal of his claims for failing to plead the elements of municipal liability with the factual specificity and plausibility required by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On appeal, he points to the involvement of city police officers in the investigation and seizure of the vehicles, and of the city attorney and county court judge in his criminal prosecution for the offense, but none of this demonstrates municipal liability, which cannot be based on mere vicarious liability. *See Milligan-Hitt v. Bd. of Trs. of Sheridan Cty. Sch. Dist. No. 2*, 523 F.3d 1219, 1223 (10th Cir. 2008). Once again, Mr. Fymbo's appeal cannot survive our firm waiver rule.

Two final matters may be disposed of in summary fashion. First, Mr. Fymbo now contends that both the magistrate judge and the district court judge should have recused themselves. We review this belatedly raised challenge for plain error, *see United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006), and readily conclude no such error is evident here. The mere fact that the magistrate judge presided over an unsuccessful action filed by Mr. Fymbo fifteen years ago does not raise any question about his qualification to hear another case involving Mr. Fymbo. The same is true of the district court judge, whose father presided over a number of unsuccessful actions brought by third parties who were assisted in some fashion by

5

Mr. Fymbo. Second, Mr. Fymbo has filed a "Motion for Default Judgement against the State of Colorado," citing its failure to participate in this appeal. As already noted, the State of Colorado is not a party to these proceedings.

The judgment of the district court is affirmed. Mr. Fymbo's motion for default judgment is denied.

Entered for the Court


Timothy M. Tymkovich
Chief Judge