**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 6, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ANTHONY J. LUCERO,

　　　Plaintiff - Appellant,

v.

JAMES R. KONCILJA; KONCILJA &
KONCILJA, P.C.,

　　　Defendants - Appellees.

No. 18-1404
(D.C. No. 1:17-CV-01374-WJM-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT***

_____

Before **MATHESON**, **BALDOCK**, and **MORITZ**, Circuit Judges.

_____

Anthony J. Lucero appeals the dismissal of his pro se complaint alleging

Fourteenth Amendment violations by his former counsel, James R. Koncilja, and the

law firm of Koncilja & Koncilja, P.C. (collectively, the Koncilja firm). We affirm.

## I. BACKGROUND

After he was injured at work, Mr. Lucero hired the Koncilja firm to represent

him on worker's compensation and related state tort claims. Dissatisfied with his

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

legal representation, Mr. Lucero sued the Koncilja firm twice in state court. Both cases were dismissed. He then initiated this federal suit pro se, asserting three claims for relief:

> (1) The Koncilja firm "committed gross legal malpractice in every conceivable [re]spect and negligently violated [his] [Fourteenth] Amendment rights" and "failed to even do the minimal amount of legal work, . . . filed in the wrong county, did absolutely no investigation[,] . . . failed to do any interrogatories, no depositions, no questioning or photographs of [his] injuries, no medical discovery, and ultimately [his] legal case was dismissed for . . . failure to prosecute." R. at 18 (emphasis and internal quotation marks omitted).
>
> (2) By "filing one day before the deadline and filing [his] civil case against the wrong parties, Defendants precluded [him] or any conscientious attorney from filing [his] case." *Id.* at 20.
>
> (3) His "[Fourteenth] Amendment rights were severely violated in Colorado state courts," and "[i]t apparently does not really matter what laws or professional conduct rules the Koncilja[] [firm] violate[s], the courts still rule in their favor." *Id.*

A magistrate judge recommended dismissal of the Fourteenth Amendment claims because Mr. Lucero's allegations against these private parties failed to allege state action under 42 U.S.C. § 1983. Although Mr. Lucero argued the Koncilja firm colluded with the state court judge who presided over his case (apparently in his second state suit against the Koncilja firm), the magistrate judge declined to consider that state-action theory, ruling that Mr. Lucero could not effectively amend his complaint with these new collusion allegations.

2

The magistrate judge recommended that the remaining claims be liberally construed to allege state-law malpractice and fraud. Absent a viable federal claim, however, the magistrate judge recommended that the district court decline to exercise supplemental jurisdiction over the state-law claims and dismiss them.

Mr. Lucero objected to the dismissal of his Fourteenth Amendment claims but did not object to the dismissal of the state-law claims.

The district court adopted the magistrate judge's report and recommendation but modified its analysis of the Fourteenth Amendment claims. Given Mr. Lucero's pro se status, the court considered his state-action theory. The court determined he failed to state a claim because Mr. Lucero did not allege a sufficient conspiratorial nexus between the firm and the judge. Rather, he simply averred that the state court judge ruled in favor of the Koncilja firm, granted its motions for extensions, and allowed late filings. The court therefore dismissed the Fourteenth Amendment claims, and without any objection to the dismissal of the state-law claims, dismissed them as well. Mr. Lucero appealed.

## II. **DISCUSSION**

We review de novo the district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Wasatch Equal. v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that

the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotation marks omitted).

Although we afford a pro se litigant's materials a solicitous construction, *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). Indeed, we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* "Accordingly, we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (internal quotation marks omitted).

## A. *Fourteenth Amendment Claims & State Action*

We first consider Mr. Lucero's Fourteenth Amendment claims. "To state a cause of action under 42 U.S.C. § 1983 for an alleged violation of the Fourteenth Amendment . . . , the challenged conduct must constitute state action." *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930-32 (1982)). "When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show

4

agreement and concerted action." *Id.* at 907 (internal quotation marks omitted). In particular, a plaintiff must plausibly allege "a significant nexus or entanglement between the absolutely immune State official and the private party in relation to the steps taken by each to fulfill the objects of their conspiracy." *Norton v. Liddel*, 620 F.2d 1375, 1380 (10th Cir. 1980).

Mr. Lucero offers no specific allegations suggesting a conspiracy between the Koncilja firm and the state court judge who presided over his case. He merely alleges the state court judge repeatedly abused his discretion by ruling in favor of the Koncilja firm, accepting the firm's untimely filings, and granting its motions for extensions of time, while denying or ignoring his similar requests. But these allegations do not suggest a nexus or shared conspiratorial objective between the firm and the state court judge. Nor is there any inference that they agreed or even acted in concert to violate Mr. Lucero's Fourteenth Amendment rights. We therefore agree with the district court that Mr. Lucero failed to plausibly allege state action.

B. ***State-Law Claims & Firm Waiver Rule***

We next consider Mr. Lucero's state-law claims. As indicated above, although he objected to the dismissal of his Fourteenth Amendment claims, he did not object to the magistrate judge's recommendation to dismiss the state-law claims. "Under this court's firm waiver rule, the failure to timely object to a magistrate judge's finding and recommendations waives appellate review of both factual and legal questions." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (internal quotation marks omitted). "This rule does not apply, however, when (1) a pro se

5

litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (italics and internal quotation marks omitted).

The first exception to the firm waiver rule is inapplicable because the magistrate judge informed Mr. Lucero he had 14 days to file timely, specific objections to the report and recommendation and that failure to do so would waive appellate review. R. at 27. Neither do we have occasion to consider the interests-of-justice exception because Mr. Lucero advances no argument invoking that exception. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."). Consequently, the firm waiver rule bars review of the claims.

### III.  CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge
