FILED
United States Court of Appeals
Tenth Circuit

September 11, 2020

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

FREDERICK L. ALLMAN,

      Plaintiff - Appellant,

v.

WILLIAM P. BARR, USAG, Department
of Justice; CLIFFORD J. WHITE, III,
Director, Trustee Program, United States;
BILLY J. WILLIAMS, USAO, Department
of Justice; ARNOT STEPHEN, USTO,
Trustee Program, United States; S.
AMANDA MARSHALL, Former USA,
District of Oregon; MICHELLE H.
KERIN, Assistant USA, District of
Oregon; JOSEPH LAMONICA,
Investigatory for USA, District of Oregon;
M. VIVIENNE POPPERL, Former
Attorney of the U.S. Trustee UST, District
of Oregon; PETER C. MCKITTRICK,
Former Bankruptcy Trustee UST, District
of Oregon; KENNETH S. EILER,
Bankruptcy Trustee UST, District of
Oregon; UNKNOWN PROFESSIONAL
LIABILITY FUND AND.OR
PROFESSIONAL SURETY,

      Defendants - Appellees.

No. 19-1460
(D.C. No. 1:19-CV-02300-LTB-GPG)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

[*] After examining the brief and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral

_____

Before **PHILLIPS**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Frederick L. Allman, a Colorado prisoner proceeding pro se, appeals from the district court's dismissal of his civil rights action for improper venue. The district court dismissed the action on initial screening; the defendants were not served and do not appear on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Because Mr. Allman proceeds pro se, we liberally construe his filings, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In considering whether Mr. Allman satisfied the statutory venue requirements, we review the district court's decision de novo. *See Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1164-65 (10th Cir. 2010); *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998).

The district court analyzed venue under 28 U.S.C. § 1391(b)(2). Under § 1391(b)(2), "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." The complaint and Mr. Allman's response to an order to show cause revealed that the defendants were located in the District of Columbia and Oregon, and that the

estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint challenged actions taken in the course of a criminal case and a bankruptcy case in the District of Oregon. The only connections to Colorado appeared to be that Mr. Allman was arrested and detained there in connection with the Oregon case, that he was incarcerated there (after being convicted in a different matter) when he filed the suit, and that he allegedly continued to suffer constitutional violations there from the defendants' conduct. The magistrate judge concluded that Mr. Allman had not shown that "a substantial part of the events or omissions giving rise to the claim occurred" in Colorado, as § 1391(b)(2) requires. He recommended dismissing the action for improper venue. After Mr. Allman failed to object, the district court accepted the report and recommendation and dismissed the action without prejudice for improper venue. It subsequently denied Mr. Allman's motions to reconsider.

Mr. Allman complains that the district court did not serve him with a copy of the magistrate judge's report and recommendation, denying him due process because he had no opportunity to file objections. The district court's docket reflects that the court served the order on Mr. Allman by mail. Accordingly, we reject Mr. Allman's allegations that he was denied due process. But we accept his assertion that he did not receive the report and recommendation; it is entirely possible both that the district court mailed a copy of the order, but that Mr. Allman did not receive it. Therefore, we do not apply this court's "firm waiver rule," whereby litigants waive their arguments when they fail to object to a report and recommendation. *See Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (applying interests of justice

exception to the firm waiver rule where a pro se party averred he had not received a copy of a report and recommendation and had otherwise been an attentive litigant).

Renewing the venue arguments he made in the district court, Mr. Allman states that he was arrested and detained in Colorado, without access to counsel, in connection with the District of Oregon criminal case. He currently is incarcerated in Colorado, and he alleges that he continues to suffer from constitutional violations there. He further asserts that the District of Oregon suffers from conflicts of interest given the nature of the claims he seeks to pursue, and "[t]he *balance of hardships* overwhelming[ly] favors [him] as litigating the civil action in any other venue is virtually impossible due to [his] indigent and incarcerated status," Aplt. Br. at 12.

As the district court determined, the criminal and bankruptcy matters underlying this action proceeded in the District of Oregon, not the District of Colorado. All of the defendants are located either in Oregon or in the District of Columbia, and the alleged past and continuing constitutional violations appear to have arisen out of activities they undertook in those districts. In short, the district court did not err in concluding that Mr. Allman failed to show that "a substantial part of the events or omissions giving rise to the claim occurred" in Colorado. § 1391(b)(2). Neither Mr. Allman's status as an incarcerated and indigent resident of Colorado nor his strong preference to litigate in Colorado rather than Oregon make venue proper in the District of Colorado under § 1391(b)(2).

Mr. Allman states that *Elrod v. Burns*, 427 U.S. 347 (1976), "calls for trial in District Plaintiff resides in." Aplt. Br. at 15. Contrary to his reading, however, *Elrod*

4

did not address venue and did not establish a right to litigate in the district in which a plaintiff resides. *See Elrod*, 427 U.S. at 349 (identifying the question before the Court as "whether public employees who allege that they were discharged or threatened with discharge solely because of their partisan political affiliation or nonaffiliation state a claim for deprivation of constitutional rights secured by the First and Fourteenth Amendments"). Mr. Allman also cites 28 U.S.C. § 1391(e), which establishes venue in the district in which a plaintiff resides in certain suits against federal officers and employees. But § 1391(e) is inapplicable here for two reasons. First, Mr. Allman seeks a damage award, but the Supreme Court has held that § 1391(e) does not apply to damages suits. *See Stafford v. Briggs*, 444 U.S. 527, 540, 542 (1980) (limiting § 1391(e) to suits in the nature of mandamus against federal officers and employees in their official capacities). Second, Mr. Allman also requests the return of real property, but § 1391(e)(1)(C) establishes venue in the district in which a plaintiff resides only "if no real property is involved in the action."

Mr. Allman's motion to proceed without prepayment of costs and fees is granted. He is reminded of his obligation to continue making partial payments until the full amount has been paid. *See* 28 U.S.C. § 1915(b)(1)-(2). The district court's judgment is affirmed.

Entered for the Court


Joel M. Carson III
Circuit Judge


5