FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**April 20, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

VICTOR LUIS CASTILLO-ROSALES,

    Petitioner - Appellant,

v.

JERRY ROARK, Warden, BCCF; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

    Respondents - Appellees.

No. 21-1378
(D.C. No. 1:21-CV-01930-LTB-GPG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Petitioner Victor Luis Castillo-Rosales, a state prisoner appearing pro se, seeks

a certificate of appealability to appeal the district court's order denying his request

for relief under 28 U.S.C. § 2254.  We exercise jurisdiction under 28 U.S.C.

§§ 1291 and 2253(a), deny Petitioner's request for a certificate of appealability, and

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismiss the appeal.  We construe Petitioner's filings liberally, but we do not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

A Colorado jury convicted Petitioner for sexual assault on a child by one in a position of trust.  Petitioner filed this habeas petition, asserting due process violations.  Respondents moved to dismiss, arguing that the one-year limitation period barred Petitioner's claim.  The magistrate judge recommended that the district court deny the application as untimely and advised the parties that they had fourteen days in which to file objections to the report and recommendation.  The magistrate judge warned that failing to timely file objections would bar the party from appealing the recommendation's findings and conclusions adopted by the district judge.

Petitioner never objected to the report and recommendation.  So the district court adopted the magistrate judge's report and recommendation that Petitioner's application be dismissed as untimely and not subject to equitable tolling.  The district court declined to issue a certificate of appealability.

Under our "firm waiver rule," "the failure to timely object to a magistrate judge's finding and recommendations waives appellate review of both factual and legal questions."  Klein v. Harper, 777 F.3d 1144, 1147 (10th Cir. 2015) (quotations omitted).  Two exceptions to the rule exist: (1) when "a pro se litigant has not been informed of the time period for objecting and the consequences for failing to object," and (2) when "the interests of justice require review."  Duffield v. Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008) (emphasis and quotations omitted).  Factors we consider for the second exception include "a pro se litigant's effort to comply [with the

objection requirement], the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." Morales-Fernandez v. I.N.S., 418 F.3d 1116, 1120 (10th Cir. 2005) (emphasis omitted). Our "interest of justice standard, at a minimum, includes plain error." Id. at 1122. Plain error has four elements: "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1122–23.

To review a district court's denial of a § 2254 application, we must grant a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). We will not issue a certificate of appealability unless Petitioner makes "a substantial showing of the denial of a constitutional right," § 2253(c)(2), and shows "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Where, as here, the district court dismissed claims on procedural grounds, we will issue a certificate of appealability only if Petitioner can show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Petitioner has waived any right to appeal under the firm waiver rule. He did not object to the magistrate judge's report and recommendation. The first exception to the firm waiver rule is inapplicable here because the magistrate judge informed

Petitioner that he had fourteen days to object to the recommendation and noted that failing to do so would waive appellate review.

The second exception does not apply either. In his opening brief, Petitioner never mentioned his failure to object to the report and recommendation. Only when responding to our Show Cause Order did Petitioner address the delay. Petitioner tells us that he is a "[M]exican-[S]panish national" who barely speaks and understands "the [A]merican language." He says, "I[t] is assumed that when appellant received the magistrate[']s recommendation . . . appellant did not comprehend the [E]nglish language and until now appellant seeks legal assistance from the BCF facility law library clerks."

The interests of justice do not require review when the petitioner is unfamiliar with the English language. Indeed, in the equitable tolling context, we have said that lack of English-language proficiency does not warrant equitable tolling. Yang, 525 F.3d at 929 (finding a petitioner's "limited English" did not justify tolling); see also Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007) (explaining that dyslexia does not toll a statute of limitations). Nor has Petitioner shown how he tried to comply with the objection requirement. In his response to the Show Cause Order, he stated that he did not seek legal assistance from the law library until writing his response to that order.

The firm waiver rule bars our appellate review and precludes granting a certificate of appealability. We thus deny Petitioner's request for a certificate of appealability and to proceed *in forma pauperis*.

4

DISMISSED.

Entered for the Court


Joel M. Carson III
Circuit Judge