**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARK WALTER PAULSEN,

    Plaintiff - Appellant,

v.

HELENE CHRISTNER, N/P - M.D.,
SCF Medical Department,

    Defendant - Appellee.

No. 21-1367
(D.C. No. 1:18-CV-01396-PAB-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.

---

After examining the parties' briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

Mark Walter Paulsen appeals from an order of the district court (1) granting
summary judgment against him in part and (2) dismissing without prejudice as

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

unexhausted in part claims he raised in a pro se 42 U.S.C. § 1983 civil rights complaint. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** the district court's judgment.

Paulsen filed a complaint alleging that, while he was incarcerated in the Colorado Department of Corrections ("CDOC"), Nurse Helene Christner violated his Eighth Amendment rights by failing to adequately care for his Hepatitis C infection. The matter was referred to a magistrate judge for initial proceedings. *See* 28 U.S.C. § 636(b)(1)(B). The magistrate judge issued a comprehensive Report and Recommendation ("R & R"). After thoroughly cataloging the Prison Litigation Reform Act's exhaustion requirement and Paulsen's history of filing grievances, the R & R concluded that all of Paulsen's Eighth Amendment claims predicated upon allegations other than the denial of his chronic care status and the failure to address his blood test results were unexhausted. Thus, the R & R recommended that those claims be dismissed without prejudice. As to the remaining aspects of Paulsen's Eighth Amendment claims, the R & R recommended that summary judgment be granted in Christner's favor because the undisputed record evidence demonstrated Paulsen did not suffer from a sufficiently serious medical condition while under Christner's care. In that regard, the R & R noted the record demonstrated that during all relevant time periods, Paulsen's Hepatitis C infection was inactive, a condition which does not necessitate treatment under CDOC clinical guidelines.

-2-

Despite being specifically warned in the R & R that failure to file timely and specific objections with the district court would result in waiver of appellate review, Paulsen did not file timely objections. Although he did file untimely objections, those objections did not specifically address any of the magistrate judge's conclusions. Instead, the objections merely reargued, in the most general fashion, the merits of his claims. *But see United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance. Therefore, we hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). The district court concluded Paulsen's failure to file timely objections led to the waiver of his right to appellate review of the R & R. *Cf.* 28 U.S.C. § 636(b)(1) (providing that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). The district court further concluded that the result would remain the same even if it considered Paulsen's untimely objections because those objections did not specifically identify any legal or factual errors on the part of the magistrate judge. *See One Parcel*, 73 F.3d at 1060.

-3-

Because Paulsen failed to file timely and specific objections to the R & R, he has waived appellate review in this court. Although we may "grant relief from the firm waiver rule in the interests of justice," *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015), Paulsen has not argued on appeal that he is entitled to such relief. Indeed, in response to this court's order to show cause why his failure to object to the R & R did not waive appellate review, Paulsen simply argued the merits of the issues he seeks to raise on appeal. And, in any event, in response to Paulsen's failure to file timely and specific objections to the R & R, the district court undertook an extended analysis, utilizing this court's relevant precedents, of whether the interests of justice supported de novo review of the R & R. Ultimately, the district court concluded Paulsen offered no reason, in spite of the magistrate judge's specific warning, as to why he failed to file timely and specific objections. Furthermore, an examination of the record evidence and relevant precedents revealed no clear or obvious error in any of the recommendations set out in the R & R. *Cf. Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (holding that the interests-of-justice exception to the firm waiver rule resembles the plain-error test). The district court's analysis is cogent and correct and we hereby adopt it as our own.

For those reasons set out above, the judgment of the United States District Court for the District of Colorado is hereby **AFFIRMED**. All pending motions are hereby **DENIED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge