FILED
United States Court of Appeals
Tenth Circuit

**March 3, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ANDERSON JOSE COUTINHO-SILVA,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 22-1405
(D.C. No. 1:22-CV-01283-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.

_____

Anderson Jose Coutinho-Silva appeals pro se from a district court order dismissing his complaint alleging Eighth Amendment violations by a correctional officer. We find Mr. Coutinho-Silva has waived appellate review and dismiss this appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

Mr. Coutinho-Silva is a federal prisoner in Florence, Colorado.  He alleged that Correctional Officer Espinoza sexually assaulted him and that another correctional officer threatened to kill him.

Mr. Coutinho-Silva's original complaint claimed relief under the Federal Tort Claims Act ("FTCA").  The district court ordered him to file an amended complaint that adequately alleged an FTCA claim and stated his compliance with the FTCA's notice requirements.  Mr. Coutinho-Silva filed an amended complaint alleging Officer Espinoza violated his Eighth Amendment rights, citing 31 U.S.C. § 3723 as the basis for the district court's jurisdiction.

The district court referred the matter to a magistrate judge, who recommended the district court (1) hold that neither § 3723 nor the FTCA provided federal jurisdiction over Mr. Coutinho-Silva's complaint, and (2) dismiss the complaint for lack of subject-matter jurisdiction and deny leave to amend.  The magistrate judge also recommended that even if the district court liberally construed Mr. Coutinho-Silva's complaint to state a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), it should find *Bivens* does not provide relief for a claim of sexual assault.

The magistrate judge's recommendation included a notice that failure to file specific objections within 14 days of service "may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court."  ROA at 97 n.2.  On August 31, 2022, the

2

recommendation was mailed to Mr. Coutinho-Silva. Any objection was thus due by September 19, 2022 (three days added for service by mail). *See* Fed. R. Civ. P. 6(d).

On September 16, 2022, Mr. Coutinho-Silva submitted a single page of the court-approved complaint form to the district court requesting jurisdiction under 28 U.S.C. § 1915 to "fix" a "mistake" he made. ROA at 105-06. On September 30, 2022, he filed untimely objections to the magistrate judge's recommendation.

The district court accepted and adopted the magistrate judge's recommendation, finding that Mr. Coutinho-Silva failed to timely object and therefore waived de novo review. The court noted that Mr. Coutinho-Silva's September 16, 2022 filing "does not indicate—or even infer—that he is objecting to the Recommendation." *Id.* at 115. The court said the September 30, 2022 objections were untimely and noted that Mr. Coutinho-Silva "did not request an extension of time to file objections." *Id.*[1] The court dismissed the action without prejudice for lack of subject-matter jurisdiction.

This appeal followed. On November 15, 2022, we ordered Mr. Coutinho-Silva to show cause why he has not waived his right to appellate review of the district court's dismissal order by failing to file timely objections to the magistrate judge's recommendation. In his response, Mr. Coutinho-Silva explained he made a mistake

---

[1] The objections included a handwritten date of September 15, 2022, but the envelope in which the district court received them had a prison stamp showing the letter was processed on September 27, 2022, and was postmarked on September 28, 2022. ROA at 113. Mr. Coutinho-Silva has not argued that we should credit the handwritten date on the objections, which were therefore lodged, at the earliest, on September 27, 2022—eight days after the due date of September 19, 2022.

3

because he does not have the assistance of counsel.  He did not argue the district court erred in finding he had waived review by failing to file timely objections nor that we should decline to apply the firm waiver rule.

## II.  **DISCUSSION**

Under this court's "firm waiver rule," "the failure to timely object to a magistrate judge's finding and recommendations waives appellate review of both factual and legal questions." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (quotations omitted). "This rule does not apply, however, when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quotations and alterations omitted).

The first exception is inapplicable because the magistrate judge informed Mr. Coutinho-Silva that he had 14 days to file timely, specific objections to the report and recommendation and that failure to do so would waive appellate review.  ROA at 97 n.2.

Mr. Coutinho-Silva has not invoked the interests-of-justice exception.  In his response to the order to show cause, he did not argue that we should apply this exception. *See Burke v. Regalado*, 935 F.3d 960, 995 (10th Cir. 2019) ("The failure to raise an issue in an opening brief waives that issue." (quotations omitted)); *Lucero v. Koncilja*, 781 F. App'x 786, 789 (10th Cir. 2019) (unpublished) (declining to consider the interests-of-justice exception where a pro se plaintiff "advances no argument invoking that

exception").[2] Nor does the record show a basis for this exception. The firm waiver rule therefore bars appellate review.

### III. CONCLUSION

Under the firm waiver rule, Mr. Coutinho-Silva waived his right to appellate review by failing to timely object to the magistrate's recommendation. We therefore dismiss his appeal. We deny his motion to proceed *in forma pauperis*.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[2] Although not precedential, we find the reasoning of this unpublished decision instructive. See 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.