**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

DAVON WILLIAMS,

    Plaintiff - Appellant,

v.

DENMAR, LLC, a Colorado foreign
limited liability company; DENSPRING,
LLC, a Colorado foreign limited liability
company; RLJ II MH DENVER S, LLC,
a Colorado foreign limited liability
company; DD LINCOLN STATION, LLC,
a Colorado foreign limited liability
company; WOODMONT LONE TREE
ACADEMY, LLC, a Colorado foreign
limited liability company; BLACK ELK,
LLC, a Colorado foreign limited liability
company; FCPT HOLDINGS, LLC,
a Colorado foreign limited liability
company; HTA PARK MEADOWS EAT,
LLC, a Colorado foreign limited liability
company; CITY OF LONE TREE,
a Colorado municipal corporation;
ROSHANA FLOYD, in her official
capacity as Senior Planner of City of Lone
Tree, a Colorado municipal corporation;
LINDA MICHOW, in her official capacity
as City Attorney of City of Lone Tree,
a Colorado municipal corporation;
DAVIS DEVELOPMENT, a Colorado
foreign limited liability company;
WHITE LODGING SERVICES CORP., a
Colorado foreign limited liability company;
REGIONAL TRANSPORTATION
DISTRICT, a quasi municipal corporation;
UNITED STATES OF AMERICA,

    Defendants - Appellees.

No. 23-1029
(D.C. No. 1:21-CV-01431-DDD-NRN)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **EID**, **CARSON**, and **ROSSMAN**, Circuit Judges.

_____

Plaintiff-Appellant Davon Williams, proceeding pro se, sued the United States, the City of Lone Tree, Colorado, two city employees, and multiple landowners, alleging they interfered with his access to certain mineral rights.[1] The district court dismissed all claims, adopting recommendations of a United States Magistrate Judge. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm because Mr. Williams waived appellate review by not objecting to the recommendations.

I.

Mr. Williams claims he obtained mineral rights for certain property in Lone Tree, Colorado, at a tax auction and that appellees unlawfully interfered with his ability to access and develop those rights. He alleged four claims for relief:

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Williams proceeds pro se his filings are "construed liberally and held to a less stringent standard." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). However, we will not act as his advocate and "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Id.*

(1) declaratory judgment; (2) quiet title (28 U.S.C. § 2409a and Colo. Rev. Stat. § 39-11-133); (3) color of title (43 U.S.C. § 1068 and Colo. Rev. Stat. § 38-41-108); and (4) constitutional claims brought under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.[2]

Following various proceedings, defendants who had been served (including the City of Lone Tree, its employees, several surface owners, and the United States) moved to dismiss. The motions were referred to a United States Magistrate Judge, who held a hearing. Mr. Williams and other parties appeared in person and the magistrate judge advised he would "issue a report or recommendation, and . . . either side can object to [the district court]," R. Vol. III at 77, and that the court would "issue . . . written orders," *id.* at 80–81. The docketed courtroom minutes also advised "[t]he Court will issue a written recommendation." R. Vol. II at 336.

The magistrate judge then entered a report and recommendation on March 18, 2022 (the first R&R), recommending the motions to dismiss be granted. It included an advisement stating, in part, "the parties have fourteen (14) days . . . to serve and file specific written objections," and that "[a] party's failure to file and serve . . .

---

[2] Mr. Williams first filed an unsigned complaint on behalf of KW Lane Ltd, LLC (the LLC). The magistrate judge ordered the LLC to retain counsel and re-file a signed complaint. Mr. Williams then filed an amended complaint identifying himself as the plaintiff and alleging he owns the LLC. He later told the magistrate judge he had transferred ownership of the mineral rights from the LLC to himself.

written, specific objections . . . waives appellate review of both factual and legal questions." R. Vol. II at 351–52.[3]

No party filed any objection. On May 27, 2022—more than 60 days after the first R&R issued—the district court noted no party had filed an objection, adopted the first R&R, and granted the motions to dismiss.

The magistrate judge then entered an order to show cause and set a hearing. The order indicated the district court had adopted the first R&R. Mr. Williams was ordered to appear in person to explain why the case should not be dismissed. The hearing went forward as scheduled. Mr. Williams and other parties again appeared in person. The magistrate judge again advised written orders would be forthcoming.

The magistrate judge entered another R&R, on October 31, 2022 (the second R&R), recommending the case be dismissed for failure to serve the remaining defendants and failure to prosecute. The second R&R included the same advisement as the first about the time to file objections and the consequences of not doing so.

---

[3] The first R&R recommended the claims against the United States be dismissed because there was no waiver of sovereign immunity and because 42 U.S.C. § 1983 and 28 U.S.C. § 1343 do not authorize suit based on federal actions.

It recommended dismissing the federal law claims against other defendants because: (1) declaratory judgment is not a cause of action; (2) the Quiet Title Act does not apply where the United States does not claim an interest in the property; (3) the Color of Title Act does not apply where adverse possession of public land is not at issue; and (4) Mr. Williams's constitutional claims are unripe because he did not allege he had followed the city's permitting process to seek property access.

It recommended dismissing all state law claims, finding no compelling reason to retain supplemental jurisdiction.

Again, no objections were filed.  On December 1, 2022, the district court adopted the second R&R, dismissed the case, and entered judgment.  This appeal followed.[4]

## II.

We first must decide whether to reach the merits of Mr. Williams's appellate claims.  Under this court's firm waiver rule, "a party who fails to make a timely objection to [a] magistrate judge's findings and recommendations waives appellate review of both factual and legal questions."  *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).  This rule promotes judicial efficiency.  *In re Key Energy Res. Inc.*, 230 F.3d 1197, 1200 (10th Cir. 2000).

The appellees argue the firm waiver rule should apply.  According to Mr. Williams, he "should not be subject to the order throwing out the case," because he "was never notified about the decisions made in this case," Aplt. Opening Br. at 4, and he "was unable to make an argument in objection to . . . recommendations . . . as [he] had not received documentation from defendants or via postal mail," Aplt. Reply Br. at 1.

Mr. Williams did not object to either R&R, so he waived appellate review unless an exception to the firm waiver rule applies.  We have recognized two exceptions: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of

---

[4] The district court's later award of attorneys' fees is not part of this appeal. *See E.E.O.C. v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1250 (10th Cir. 1999) ("[A] supplemental notice of appeal is required for us to have jurisdiction over an attorneys' fees issue that becomes final subsequent to the initial notice of appeal.").

justice require review." *Morales-Fernandez*, 418 F.3d at 1119 (internal quotation marks omitted). The first exception does not apply because both R&Rs advised Mr. Williams of the time to file objections and the consequences of failing to object. *See id.*

When deciding whether to apply the interests of justice exception we consider factors including: (1) a pro se litigant's effort to comply; (2) the force and plausibility of the explanation for his failure to comply; and (3) the importance of the issues raised. *Id.* at 1120. We have previously evaluated claims a party did not receive a magistrate judge's recommendation under the interests of justice exception and will do the same here. *See, e.g.*, *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (applying exception where pro se party indicated he did not receive the R&R when issued, but "immediately filed numerous objections and notified the [district] court of his address change" after learning of it); *Casanova v. Ulibarri*, 595 F.3d 1120, 1123–24 (10th Cir. 2010) (applying exception where pro se party informed the district court he had not received an R&R, identified dates he had inquired with the district court, and had been "indisposed" for medical reasons part of the time after the R&R issued); *Theede v. U. S. Dep't of Labor*, 172 F.3d 1262, 1267–68 (10th Cir. 1999) (declining to excuse untimely objection; finding delivery to wrong address was caused by pro se plaintiff, who also "failed to identify any efforts he made to obtain the . . . recommendation after being made aware of its existence").

The interests of justice do not support making an exception to the firm waiver rule here. First, and most significantly, the "effort to comply" factor weighs against

6

Mr. Williams. Even assuming he did not actually receive the R&Rs, he was on notice they had been issued. He appeared at hearings to argue the issues the R&Rs addressed and was advised written orders would follow. The order setting the second hearing explicitly referenced the first R&R. It thus would be unreasonable to think Mr. Williams was unaware of the first R&R. But there is no indication he ever sought to obtain a copy of either R&R. Under these circumstances, the "effort to comply" factor weighs against making an exception to the firm waiver rule. *See Theede*, 172 F.3d at 1268 (declining to apply exception for plaintiff who "failed to identify any efforts he made to obtain the . . . recommendation after being made aware of its existence"); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004) (stating courts "conside[r] the appellant's conduct upon learning of [an R&R]" (discussing *Theede*)).

Second, the "force and plausibility" factor also weighs against Mr. Williams. He states he did not receive unspecified "*decisions*," Aplt. Opening Br. at 4 (emphasis added), or "*documentation from defendants*," Aplt. Reply Br. at 1 (emphasis added). Although we will liberally construe these statements as implying he did not receive *the R&Rs* at issue, the record does not corroborate his claim. Past cases have credited claims a party did not timely receive an R&R when there was a changed address, *see Klein*, 777 F.3d at 1147, a claim of mail delays, *see Casanova*, 595 F.3d at 1124, an inquiry to the district court about case filings, *id.*, or affidavits from the party supporting his claim, *see Klein*, 777 F.3d at 1147. We see no similar record here. Mr. Williams also has not suggested an explanation for how he received

7

timely notice of the hearings at which he appeared and the judgment from which he appealed, but neither of the two R&Rs.

Finally, as to the "importance of the issues" factor, we have stated our interests of justice analysis "expressly includes review of a litigant's unobjected-to substantive claims on the merits," and "is similar to reviewing for plain error." *Morales-Fernandez*, 418 F.3d at 1120. On appeal, Mr. Williams re-argues his view of the merits of his case, but he does not address the grounds for dismissing each of his claims set out by the two R&Rs. Having reviewed the record and applicable law, we perceive no plain error in those R&Rs or by the district court.

III.

For the foregoing reasons, we affirm.

Entered for the Court

Veronica S. Rossman
Circuit Judge