**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 2, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RUSSELL MARSHALL BOLES,

    Plaintiff - Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; CHARLENE
CROCKET; RABBI YISROEL
ROSSKAMM, Rabbi; CYRUS
CLARKSON,

    Defendants - Appellees.

No. 22-1086
(D.C. No. 1:19-CV-01158-RMR-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.
_____

Russell Marshall Boles, a pro se prisoner, appeals from a district court order that

denied his request for preliminary injunctive relief. Exercising jurisdiction under 28

U.S.C. § 1292(a)(1), we affirm.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

Mr. Boles is an inmate held by the Colorado Department of Corrections (CDOC) at its Sterling Correctional Facility (SCF).  He actively practices Orthodox Judaism.

In 2019, he filed the instant 42 U.S.C. § 1983 lawsuit against CDOC and various prison personnel, challenging the conditions of his confinement.  He complained that CDOC failed to provide a diet that satisfies his medical and religious needs, offered inadequate medical care,[1] did not accommodate his disabilities, and unlawfully deducted money from his prison account.

The district court denied his motion for leave to proceed *in forma pauperis* (*ifp*), noting that as a three-strike litigant, he is subject to 28 U.S.C. § 1915(g)'s filing fee restriction and had not satisfied the exception for cases involving imminent danger of serious physical injury.  When Mr. Boles failed to pay the filing fee in full, the district court dismissed his case.  We granted Mr. Boles *ifp* status on appeal and reversed the district court, finding he had satisfied the imminent-danger exception.

On remand to the district court, Mr. Boles filed an amended complaint, naming as defendants CDOC, the rabbi responsible for ensuring compliance with kosher standards, a physician, a dietician, and multiple CDOC administrators, managers, and supervisors. He asserted claims for inadequate food and medical care, disability and religious

---

[1] Mr. Boles suffers from a variety of ailments, including sleep apnea, irritable bowel syndrome, and compressed vertebra.  He "is confined to a wheelchair by disabilities."  R. at 93.

discrimination, improperly taking money from his prison account and property from his cell, and restricting access to legal resources.

On the Defendants' motions, the district court dismissed much of the complaint, leaving only claims alleging that (1) CDOC failed to accommodate Mr. Boles's need for a wheelchair-accessible cell, in violation of the Americans with Disabilities Act and the Rehabilitation Act; (2) CDOC and Food/Laundry Services Administrator Charleen Crockett failed to provide Mr. Boles an adequate kosher diet, in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA); (3) CDOC, Ms. Crockett, and Rabbi Yisroel Rosskamm failed to provide Mr. Boles an adequate kosher diet, in violation of the First Amendment; and (4) Ms. Crockett and Food Service Manager Cyrus Clarkson denied Mr. Boles kosher meals from June through December 2019, including kosher meals for the Sukkot holiday, in violation of the First Amendment. At this point, CDOC had moved Mr. Boles into a wheelchair-accessible cell.

In July 2021, Mr. Boles moved for a preliminary injunction "ordering [an irrevocable] . . . wheelchair accessible cell and [a] nutritionally adequate authen[t]ic kosher diet." R. at 142.[2] After briefing and oral argument, a magistrate judge recommended denying Mr. Boles's motion. Regarding a wheelchair-accessible cell, the magistrate judge determined that Mr. Boles had failed to show irreparable harm if denied injunctive relief because he had not identified a risk of being moved out of a wheelchair-

---

[2] Although Mr. Boles described the relief he wanted as permanent, the district court construed his motion as seeking preliminary injunctive relief. On appeal, he agrees with that construction. *See* Reply Br. at 5, 11.

accessible cell. Regarding a kosher diet, the magistrate judge concluded that Mr. Boles was seeking to change the status quo and had not shown likely success on the merits. In particular, the magistrate judge said (1) Mr. Boles had not demonstrated that SCF's kosher diet substantially burdened his religious beliefs; (2) the allegations in his affidavit about the authenticity and nutritional content of that diet were speculative, lacking in detail, and conclusory and (3) therefore insufficient to enable an analysis of how an injunction would affect prison operations.

The magistrate judge warned that objections to his recommendation had to be filed within 14 days to avoid waiver of an appeal. Mr. Boles obtained an extension of that time period but did not file any objections. The district court accepted and adopted the recommendation and denied Mr. Boles's motion for a preliminary injunction. Further facts are included below.

## II. **DISCUSSION**

### A. **IFP** *Status*

We first must address Mr. Boles's accrual of three strikes for having brought actions or appeals in federal court that were dismissed because they were frivolous, malicious, or failed to state a claim for relief. *See* 28 U.S.C. § 1915(g). This three-strikes provision is "applicable to indigent prisoners [and] requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) (brackets and quotations omitted), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).

4

In his application to proceed *ifp* on appeal, Mr. Boles argues that he qualifies for the only exception to this filing restriction—that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). He contends that CDOC's kosher diet is "fraudulent" because it is infused with additives that make it undigestible, causing bowel dysfunction, hematuria, and bone/cartilage "degenerat[ion]." Mot. to Proceed *ifp*, Addendum at 5-6.

We previously granted an *ifp* motion in Mr. Boles's first appeal in this case when he challenged the district court's dismissal of his complaint for having three strikes and failing to satisfy § 1915(g)'s exception. *See Boles v. Colo. Dep't of Corr.*, 794 F. App'x 767, 771-72 (10th Cir. 2019). There, Mr. Boles argued he required a fresh-food diet to treat his irritable bowel syndrome and that CDOC's refusal to provide such a diet caused "excruciating pain" and aggravated his "degenerative bone condition." *Id.* at 770-71 (quotations omitted). We concluded that Mr. Boles's allegations were specific and credible, noting that a pro se prisoner's claims of "prison officials refusing to treat [the] prisoner's chronic condition that causes severe pain or aggravates debilitating symptoms are enough to facially satisfy the imminent-danger exception." *Id.* at 771. We found a "sufficient nexus" between the danger Mr. Boles alleged and his claim for deliberate indifference to his serious medical needs. *Id.* We therefore granted his motion to proceed *ifp* on appeal, vacated the district court's order dismissing the case, and remanded for further proceedings. *Id.* at 772-73.

Although on remand Mr. Boles amended his complaint, his diet-related allegations persist. In particular, he contends that the "[d]enial of a proper kosher food diet hurts

both [his] religious practice and health," contrary to his "religious and medical needs."
R. at 74. We fail to see how Mr. Boles's *ifp* status for the instant appeal differs materially from his *ifp* status in the prior appeal. Indeed, when "determining if a prisoner's allegations are sufficient to meet the imminent-danger exception, we construe his filings liberally and accept his well-pled allegations as true, and we require only that his allegations facially satisfy the threshold showing that the imminent-danger exception applies." *Boles*, 794 F. App'x at 770 (citation omitted).

As in his prior appeal, Mr. Boles has identified an imminent danger to his health that can be remedied if he prevails on his claim that his prison diet violates his constitutional rights. *See Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009) (indicating there is a sufficient nexus for *ifp* purposes between imminent danger and the prisoner's complaint when the danger of serious physical injury "is fairly traceable to unlawful conduct asserted in the complaint and . . . a favorable judicial outcome would redress that injury" (emphasis omitted)). We therefore conclude that Mr. Boles has satisfied § 1915(g)'s imminent-danger exception and may proceed *ifp* in this appeal.[3]

---

[3] Because Mr. Boles meets the § 1915(g) exception for *ifp* status on at least one of his claims, we need not address whether all of his claims qualify. *See Chavis v. Chappius*, 618 F.3d 162, 171, 172 n.7 (2d Cir. 2010) (collecting cases and observing that "[n]othing in the text of § 1915 provides any justification for dividing an action into individual claims and requiring a filing fee for those that do not relate to imminent danger").

## B. *Firm Waiver Rule*

Defendants argue that this appeal should be dismissed because Mr. Boles failed to object to the magistrate judge's recommendation. This court's firm-waiver rule "bars appellate review of both factual and legal questions if a party fails to timely object to the magistrate judge's findings or recommendations." *Silva v. United States*, 45 F.4th 1134, 1136 n.2 (10th Cir. 2022) (quotations omitted). But "[o]ne exception to the firm waiver rule is when the interests of justice require review." *Sinclair Wyo. Refin. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (ellipsis and quotations omitted). This exception implicates "such factors as a pro se litigant's effort to comply, the force and plausibility of his explanation for not complying and the importance of the issues raised." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015); *see also Sinclair*, 989 F.3d at 783-84 (applying the interests-of-justice exception in a counseled case). We find this exception applicable here.

On the same day the magistrate judge issued his recommendation, the district court appointed pro bono counsel for Mr. Boles. Nevertheless, Mr. Boles filed a pro se motion for an extension of time to file objections to the recommendation. The district court granted the extension and instructed that his appointed counsel should make any further filings. But his counsel never objected to the recommendation. According to Mr. Boles, he mailed his appointed attorneys the objections he had prepared, but they neither filed them nor their own. Instead, on the day before the deadline, they informed him that they did not intend to object.

Several days after the objection deadline, the district court noted on the court's docket that Mr. Boles had become dissatisfied with his attorneys' representation, and it directed him to discuss the matter with them, with the possibility that they move to withdraw. The next day, counsel moved to withdraw, and the district court adopted the magistrate judge's recommendation in full. The district court later permitted the withdrawal. Mr. Boles, proceeding pro se, then moved for an extension of time to object to the recommendation. When that request was denied, he sought reconsideration of the order adopting the recommendation, which also was denied.

The foregoing shows that Mr. Boles attempted to timely object to the magistrate judge's recommendation but was unable to do so because of a disagreement with his court-appointed attorneys. Further, after they withdrew from the case, Mr. Boles continued his attempts to challenge the recommendation. Finally, Mr. Boles seeks to raise important issues about his continuing need for a wheelchair-accessible cell and an adequate kosher diet. We therefore decline to apply the firm-waiver rule. *See Wirsching v. Colorado*, 360 F.3d 1191, 1197-98 (10th Cir. 2004) (recognizing that firm waiver rule is not jurisdictional, and applying interests-of-justice exception where pro se party claimed he had not received magistrate judge's report and recommendation, had otherwise been an attentive litigant, and had raised important issues).

## C. *Preliminary Injunctive Relief*

"[A] preliminary injunction is an extraordinary remedy never awarded as of right." *See Benisek v. Lamone*, --- U.S. ---, 138 S. Ct. 1942, 1943 (2018) (quotations omitted). "[I]t is the exception rather than the rule." *Harmon v. City of Norman*, 981

F.3d 1141, 1146 (10th Cir. 2020) (quotations omitted).  To obtain a preliminary injunction, plaintiffs must show "(1) they are substantially likely to succeed on the merits of their claims, (2) they will suffer irreparable harm if the injunction is denied, (3) their threatened injury without the injunction outweighs any harm to the party opposing the injunction, and (4) the injunction, if issued, is not adverse to the public interest." *Id.*  "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotations omitted)..

We review the district court's denial of a preliminary injunction for abuse of discretion.  *See Benisek*, 138 S. Ct. at 1943, 1945; *Diné Citizens*, 839 F.3d at 1281.  "A district court's decision crosses the abuse-of-discretion line if it rests on an erroneous legal conclusion or lacks a rational basis in the record." *Courthouse News Serv. v. N.M. Admin. Off. of Cts.*, 53 F.4th 1245, 1254 (10th Cir. 2022) (quotations omitted).  "[W]e thus examine the court's factual findings for clear error and its legal conclusions de novo." *Id.* at 1255 (quotations omitted).[4]

---

[4] We note that Mr. Boles's remaining claims survived a motion to dismiss and that the Defendants have not moved for, and therefore the district court has not decided, a motion for summary judgment under Federal Rule of Civil Procedure Rule 56, so we remand to the district court for further proceedings.

1.  **Wheelchair-Accessible Cell**

The district court determined that Mr. Boles had failed to show he would be irreparably harmed without a preliminary injunction barring his removal from a wheelchair-accessible cell.  We discern no abuse of discretion.

Irreparable harm requires a risk that the applicant will suffer great harm from the denial of an injunction.  *Colorado v. EPA*, 989 F.3d 874, 884 (10th Cir. 2021).  The risk of "injury must . . . be of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm."  *Id.* (quotations omitted).  "[S]peculative or theoretical injury will not suffice."  *Id.*  Rather, the risk that the harm will occur must be "significant," if not "certain."  *Id.* (quotations omitted).

As noted above, SCF moved Mr. Boles to a wheelchair-accessible cell.  As the magistrate judge explained, Mr. Boles failed to identify evidence that prison officials had threatened to move him out of a wheelchair-accessible cell.  Instead, he asserted it is possible he might be moved because there are more wheelchair-bound inmates than wheelchair-accessible cells, his cell is in a "transition unit," and his cell is in a pod "slated for conversion to a kitchen worker pod."  R. at 251 (quotations omitted).  On appeal, Mr. Boles argues "there is a lot of room to disagree" with the magistrate judge's conclusion regarding imminent harm, but he provides few details.  Opening Br. at 7.  He complains there are "collateral injuries . . . imposed on him for every little inch gained," but he does not explain what they are or how they relate to his retention of a wheelchair-accessible cell.  *Id.* at 5; *see also id.* at 8.

10

"Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, . . . the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and quotations omitted). Because Mr. Boles has not adequately shown he is in imminent danger of being moved from a wheelchair-accessible cell, he has failed to satisfy the irreparable-harm element necessary for a preliminary injunction. The district court did not abuse its discretion in denying that relief. *See EPA*, 989 F.3d at 884 (stating that "irreparable injury . . . [is] the single most important prerequisite for the issuance of a preliminary injunction" (quotations omitted)).

2. **Kosher Diet**

Mr. Boles requested a preliminary injunction requiring that SCF's kosher meals better conform to kosher standards,[5] or alternatively, that kosher meals be supplied by a catering company. Given that Mr. Boles sought to change the status quo, the magistrate

---

[5] In his motion, Mr. Boles suggested that SCF's "[k]osher food might . . . be acceptable if it were essentially the same as mandated or agreed in" *Beerheide v. Suthers*, 286 F.3d 1179 (10th Cir. 2002). R. at 102-03. In *Beerheide*, this court affirmed the district court's decision that the First Amendment required CDOC to make a kosher diet available to Orthodox Jewish prisoners, and at no cost. 286 F.3d at 1182, 1184.

*Beerheide* is distinguishable. It was an appeal by CDOC following a trial that ended in the prisoner-plaintiffs' favor requiring CDOC to offer a free kosher diet. In contrast, Mr. Boles has brought an interlocutory appeal from the denial of a preliminary injunction. Also, SCF offers a kosher diet (albeit alleged to be insufficient), and SCF does not charge a fee for the diet. Mr. Boles does not explain how *Beerheide* applies here.

11

judge correctly observed that he had to "make a strong showing . . . on the likelihood of success on the merits," *id.* at 883-84 (quotations omitted).  To show a likelihood of success on his First Amendment and RLUIPA claims, he had to make a strong showing that SCF's kosher diet is substandard.

The magistrate judge found Mr. Boles's general allegations to be unsupported and insufficient to show likelihood of success on the merits.  In particular, the magistrate judge observed that Mr. Boles offered no evidence to support his claim other than his own affidavit, which was conclusory, "based upon hearsay, and/or relate[d] to food preparation generally and not to SCF's compliance with Plaintiff's firmly held religious beliefs."  R. at 254-55 (footnote omitted).  And although Mr. Boles included more allegations in his briefs, the magistrate judge noted that Mr. Boles's briefing "was not submitted under penalty of perjury" and his "assertions [were] conclusory, not based upon personal knowledge, and/or based upon hearsay for which Plaintiff has provided no information to substantiate its reliability."  R. at 256.

On appeal, Mr. Boles offers no convincing argument that the magistrate judge abused his discretion.  Instead, he advances some of the same broad and conclusory assertions he made in the district court, including that "[n]o one knows how to clean to kosher standards" and SCF's kosher diet contains "difficult (or impossible) to digest food-like substances."  Opening Br. at 18.  Although he maintains that "[t]he CDOC kosher guidelines [prepared by Rabbi Rosskamm] are a subversion of Jewish law," he offers no support other than to broadly assert that "[a] comparison of [the Shulchan

12

Aruch[6] and the guidelines] clearly reveals that the CDOC version of kosher is not kosher." *Id.* at 19.  And while he claims that "ordinary public media . . . support[s] the glaring fact [that] the CDOC version of a kosher diet is not only not kosher but does not and cannot supply adequate nutrition," *id.* at 20, he does not identify a source of information that would allow us to assess whether SCF's diet fails to meet Kosher standards.

Preliminary injunctive relief requires evidentiary support.  *See Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246 (10th Cir. 2001); 11A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2949 (2d ed. 2012) ("Evidence that goes beyond the unverified allegations of the pleadings[7] and motion papers must be presented to support or oppose a motion for a preliminary injunction."). Mr. Boles's bare allegations are not a substitute for evidence and do not constitute "a *strong* showing . . . with regard to [his] likelihood of success on the merits." *McDonnell v. City & County of Denver*, 878 F.3d 1247, 1252 (10th Cir. 2018)  (emphasis added; quotations omitted).

---

[6] The Shulchan Aruch is "a compellation of Jewish laws of the Orthodox Hasidic tradition." *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 138 F. Supp. 3d 352, 371 (S.D.N.Y. 2015), *aff'd in part, rev'd in part*, *and vacated in part*, 945 F.3d 83 (2d Cir. 2019).

[7] Although Mr. Boles "affirm[ed] everything in th[e] complaint is true and accurate," R. at 81, it was not verified.  *See Goodman v. Diggs*, 986 F.3d 493, 495 (4th Cir. 2021) ("A complaint is 'verified' if it is signed, sworn, and submitted under penalty of perjury." (quotations omitted)).

In particular Mr. Boles needed to identify evidence showing the inadequacy of SCF's kosher meals, s*ee Gallagher v. Shelton*, 587 F.3d 1063, 1070 (10th Cir. 2009) (First Amendment free exercise claim); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1321 (10th Cir. 2010) (RLUIPA); *id.* at 1325 (Gorsuch, J. concurring).  He did not do so. Again, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840.

Because Mr. Boles failed to make a strong showing of deficiencies in SCF's kosher diet, he failed to satisfy the likelihood-of-success-on-the-merits element necessary for a preliminary injunction.  The district court did not abuse its discretion in denying that relief.[8]

---

[8] We review only whether the district court abused its discretion in denying Mr. Boles's request for a preliminary injunction.  Mr. Boles has a heavier burden to secure this "extraordinary remedy," *Benisek*, 138 S. Ct. at 1943, than to avoid dismissal of this suit.  *See New Hope Fam. Servs., Inc. v. Poole*, 966 F.3d 145, 165 (2d Cir. 2020) (there is a "heavier burden" for a plaintiff to secure a preliminary injunction than to "plead[] the plausible claim necessary to avoid dismissal"); *compare Diné Citizens*, 839 F.3d at 1281 ("[T]o receive a preliminary injunction, the plaintiff must establish . . . a substantial likelihood of prevailing on the merits" and the plaintiff's "right to relief must be clear and unequivocal." (quotations omitted)), *with Sinclair Wyo. Ref. Co.*, 989 F.3d at 765 (in reviewing a Rule 12(b)(6) dismissal de novo, "[w]e accept all well-pleaded factual allegations in the complaint as true" and "view them in the light most favorable to the nonmoving party" (quotations and alterations omitted)).  We express no view on whether Mr. Boles may overcome a motion for summary judgment or succeed at trial after this case returns to the district court.

## III. **CONCLUSION**

We grant Mr. Boles's motion for leave to proceed *ifp*. We affirm the district

court's judgment and remand.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge