**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 13, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

TONY J. WILSON,

Petitioner - Appellant,

v.

CARRIE BRIDGES, Warden,

Respondent - Appellee.

No. 24-6143
(D.C. No. 5:23-CV-00531-D)
(W.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY*
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Tony J. Wilson, a prisoner proceeding pro se,[1] seeks a certificate of appealability (COA) to challenge the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss this matter.

---

\* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Although we construe Wilson's pro se filings liberally, we do not act as his advocate. _See Hall v. Bellmon_, 935 F.2d 1106, 1110 (10th Cir. 1991).

**I**

In 2019, a jury convicted Wilson of second-degree murder and unlawful possession of a firearm by a felon, and thereafter he was sentenced to 40 years' imprisonment. The Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions on December 9, 2021.

On November 7, 2022, Wilson filed an application for post-conviction relief in state court. The government moved to strike Wilson's application because it exceeded a local rule's page limit and Wilson failed to receive permission before exceeding that page limit. The district court granted the government's motion, striking Wilson's application on February 9, 2023. The OCCA affirmed the district court's ruling on May 5, 2023.

On July 7, 2023, Wilson filed a § 2254 habeas corpus petition in the United States District Court for the Western District of Oklahoma. Pursuant to 28 U.S.C. § 636, Wilson's case was referred to a magistrate judge, who then issued a recommendation that his petition be dismissed as untimely filed. The magistrate judge explained that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal habeas corpus petition must be brought within one year of the date on which a state conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). For Wilson, the AEDPA filing deadline was March 10, 2023, which made his petition untimely.

The magistrate judge next considered whether statutory or equitable tolling or the actual innocence exception could apply to save Wilson's petition and concluded they could not. Under § 2244(d)(2), the filing of a state post-conviction application will toll the AEDPA one-year deadline. However, the magistrate judge, applying Oklahoma state law, determined that Wilson's state court application was not "properly filed," as the statute commands because it was stricken from the record for failure to comply with the state district court's rules.

Wilson filed an objection to the magistrate judge's report and recommendation, but the district court adopted the magistrate judge's recommendation and concluded the petition was barred as untimely. The district court noted that Wilson's objection "merely reassert[ed] the merits" of his petition, instead of addressing its untimeliness. R. at 158. Accordingly, the district court dismissed his petition and denied a COA.

Wilson timely appeals to this court. We ordered him to explain why he has not waived his right to appellate review by failing to file timely and specific objections to the magistrate judge's report and recommendation. Wilson filed a response setting forth his arguments, making this matter ready for decision.

## II

"Under this court's firm waiver rule, the failure to timely object to a magistrate judge's finding and recommendations 'waives appellate review of

both factual and legal questions.'" *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (quoting *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010)). "'[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute' is sufficient." *United States v. BNM*, 107 F.4th 1152 (10th Cir. 2024) (quoting *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)).

The firm waiver rule is overridden when (1) "a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object," or (2) "the interests of justice require review." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (emphasis and quotations omitted). Factors relevant to the second exception include "a pro se litigant's effort to comply [with the requirement], the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1120 (10th Cir. 2005) (emphasis omitted). When considering the importance of the issues raised, we have said that, "[i]n many respects, the interests of justice analysis we have developed, which expressly includes review of a litigant's unobjected-to substantive claims on the merits, is similar to reviewing for plain error." *Id.* To show plain error, Wilson would have to show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or

public reputation of judicial proceedings." *Id.* at 1122–23 (quoting *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005)).

## III

Wilson must obtain a COA to appeal the district court's dismissal. *See* 28 U.S.C. § 2253(c)(1)(A). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Because the district court dismissed his petition on procedural grounds, Wilson must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV

Wilson has waived any right to appeal under the firm waiver rule. Although he filed an objection to the magistrate judge's report and recommendation, his objection did not meaningfully address whether his petition is time-barred under § 2244(d)(1). The district court correctly noted that Wilson used the objection mostly as a vehicle to elaborate on the merits of his petition.

Moreover, neither exception to the firm waiver rule applies. First, the magistrate judge informed Wilson of the time period for objecting and the consequences for failing to object. And second, in response to our order on

5

appeal, Wilson again only reiterates the merits of his petition and fails to substantively challenge the firm waiver rule's application to his case. There was no error and the interests of justice do not dictate that we grant a COA when Wilson elected to not address the lack of timeliness of his petition. As such, the firm waiver rule bars our review of the claims and precludes the grant of a COA.[2] *See Fierro v. Smith*, 741 F. App'x 558, 561 (10th Cir. 2018) (unpublished).

## V

Accordingly, we **DENY** a COA and **DISMISS** this matter.

Entered for the Court

Richard E.N. Federico
Circuit Judge

---

[2] Even if the firm waiver rule did not apply, we would likewise be compelled to deny a COA for the same reason the magistrate judge recommended dismissal to the district judge, that the petition is barred as untimely filed.