**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 1, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

PATRICK EMODI ANINIBA,

Plaintiff - Appellant,

v.

AURORA PUBLIC SCHOOLS,

Defendant - Appellee.

No. 24-1344
(D.C. No. 1:22-CV-03191-NYW-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Patrick Aniniba, appearing pro se and in forma pauperis,[1] appeals from (1) an order of the district court adopting the magistrate judge's Report and Recommendation and dismissing his second amended complaint without prejudice

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Aniniba's request to proceed in forma pauperis, *see* 28 U.S.C. 1915, is **granted**.

for failure to state a claim and (2) a minute order of the district court striking his late-filed Objection to Recommendation. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.[2]

Aniniba waived appellate review of the district court's order of dismissal by failing to file timely and specific objections. "Under this court's firm waiver rule, the failure to timely object to a magistrate judge's finding and recommendations waives appellate review of both factual and legal questions." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (quotations omitted). "[O]bjections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue . . . for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). This court has recognized two exceptions to the rule: (1) when "a pro se litigant has not been informed of the time period for objecting and the

---

[2] Although defendant-appellee Aurora Public Schools does not question the existence of appellate jurisdiction, this court is under an independent obligation to examine the issue. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (holding that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). The filing of a timely notice of appeal in a civil case is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The district court dismissed Aniniba's second amended complaint and entered judgment on July 29, 2024. Aniniba did not, however, file his notice of appeal until September 3, 2024, more than thirty days after entry of judgment. *But see* Fed. R. App. P. 4(a)(1) (providing that a notice of appeal in a civil case must be filed within thirty days of entry of judgment). Nevertheless, within the relevant thirty-day window, Aniniba filed an untimely objection. Although the district court struck the untimely objection, this court concludes it can be liberally construed as a timely motion for reconsideration under Fed. R. Civ. P. 59(a). *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991) (holding that this court must generally give pro se filings a liberal construction). So construed, Aniniba's Rule 59 motion tolled Rule 4(a)(1)'s thirty-day time period, rendering his appeal timely as to both challenged orders. *See* Fed. R. App. P. 4(a)(4)(A).

consequences of failing to object," and (2) when "the interests of justice require review." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quotations omitted). Factors relevant to the second exception include "a pro se litigant's effort to comply [with the objection requirement], the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005). As the record made clear, Aniniba failed to file timely objections even though the magistrate judge's Report and Recommendation informed him of the necessity of filing such objections, the time frame for doing so, and the consequences for failing to object. Moreover, the record is devoid of any explanation for Aniniba's failure to comply. Thus, the firm waiver rule applies and this court affirms the district court's order of dismissal.

Nor did the district court abuse its discretion in striking Aniniba's late-filed objections. *See M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 762 (10th Cir 2009) (holding that this court reviews the denial of a Rule 59(a) motion for abuse of discretion). Rather than address the magistrate judge's factual determinations and legal rulings, Aniniba's late-filed objection frivolously asserts he has an absolute right to have a jury decide his case. As the district court aptly noted in its minute order striking Aniniba's Rule 59(a) motion, legal deficiencies led the magistrate judge to recommend dismissal of the second amended complaint, and legal issues are for the court, not for the jury. Even setting aside their untimeliness, Aniniba's late-filed objections were not specific and meaningfully tailored to the magistrate judge's

3

recommended bases for dismissal. Thus, the district court did not abuse its discretion in striking (i.e., denying) those objections.

The relevant orders of the United States District Court for the District of Colorado are hereby **AFFIRMED**. Accordingly, the document Aniniba filed on January 22, 2025, requesting that this case be set for argument is **DENIED** as moot.

Entered for the Court

Michael R. Murphy
Circuit Judge